Filed 6/19/13  P. v. Eason CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057474 |
| v. | (Super.Ct.No. FSB1202169) |
| HENRY EASON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael M. Dest, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

On May 23, 2012, a felony complaint charged defendant and appellant Henry Eason with one count of unlawful driving or taking of a vehicle under Vehicle Code section 10851, subdivision (a). The complaint also alleged that defendant had suffered one strike prior conviction, within the meaning of Penal Code sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d), and that he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Defendant entered a plea of guilty to the single count and admitted both enhancements on June 27, 2012. Based on a *Vargas*[1] waiver, the plea was structured so that defendant would be sentenced to seven years in state prison at the time of the plea, but when defendant returned to court on August 14, 2012, he would be resentenced to a three-year term provided there were no violations. It was also agreed that case No. 3004199HE would be dismissed.

Immediately after the plea was entered, the trial court ordered defendant to serve a seven-year prison sentence: the upper term of three years for the substantive crime, doubled as a result of the strike prior for a total term of six years, plus an additional year for the prior prison term allegation. Execution of the sentence was stayed; defendant was released from custody and ordered to return to court on August 14, 2012. Case No. 3004199HE was dismissed.

---

[1] *People v. Vargas* (1990) 223 Cal.App.3d 1107.

Defendant failed to appear on August 14, 2012, and the trial court issued a bench warrant.

On August 27, 2012, defendant was arraigned on the bench warrant, and counsel was reappointed. On October 3, 2012, the trial court found defendant in violation of the *Vargas* waiver. A hearing on a motion to withdraw the plea was set to be held two days later, however it was continued. On October 26, 2012, defendant's request for a continuance was denied. The trial court ordered the previously suspended seven-year sentence to be imposed. Presentence custody credits were updated. In addition, two pending cases against defendant (case No. FSB1203809 & case No. 3208640HE) were dismissed in the interest of justice.

Defendant filed a notice of appeal and an amended notice of appeal. In the amended notice of appeal, defendant indicated that the "appeal is based on the sentence or other matters that occurred after the plea and do not affect its validity."

## STATEMENT OF FACTS[2]

On or about April 9, 2012, defendant unlawfully drove and took a 1998 Chevrolet S-10, license No. 5V08157.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

---

[2] Defendant pled guilty before a preliminary hearing, and no probation report was prepared. The statement of facts, therefore, is taken from the complaint.

3

the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so.  On April 10, 2013, defendant submitted a one-page handwritten brief.  In his supplemental brief, defendant essentially claims that the evidence is insufficient to support his conviction because of his "ACTUAL INNOCENCE."  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

"A defendant who has pleaded guilty or nolo contendere to a charge in the superior court, and who seeks to take an appeal from a judgment of conviction entered thereon, may not obtain review of so-called 'certificate' issues, that is, questions going to the legality of the proceedings, including the validity of his plea, unless he has complied with section 1237.5 of the Penal Code and the first paragraph of [former] rule 31(d)[3] of the California Rules of Court—which require him to file in the superior court a statement of certificate grounds as an intended notice of appeal within 60 days after rendition of judgment, and to obtain from the superior court a certificate of probable cause for the appeal within 20 days after filing of the statement and, hence, within a maximum of 80 days after rendition of judgment." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088, fns. omitted.)

---

**3** Now California Rules of Court, rule 8.304(b).

Defendant's contention that there was no evidence that he had committed the crime with which he was charged goes directly to the validity of the plea. Thus, the issue of sufficiency of the evidence is not properly before us. (*People v. Mendez*, *supra*, 19 Cal.4th at pp. 1098-1099.)

We have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.