[No. B048066. Second Dist., Div. Four. Sept. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO MARISCAL VARGAS, Defendant and Appellant.

**COUNSEL**

Michael T. Doudna, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, John R. Gorey and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—In a plea bargain, if the defendant agrees to a specific greater term to be imposed if he should fail to appear for sentencing, and to a specified lesser term if he does appear, may the trial court impose the greater term if he fails to appear at the sentencing hearing without justification? Our answer is that it can, and we affirm the judgment in this case.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged with four counts of violation of Health and Safety Code section 11351. One of the counts alleged that he possessed more than 14¼ grams of heroin, and was therefore ineligible for probation. (Pen. Code, § 1203.07, subd. (a)(1).) Defendant was held to answer on these charges, and was admitted to bail.

He was out on bail when the case was called for trial on June 23, 1988. At that time the prosecutor and defendant's counsel announced a plea bargain

on the record. The essential element of the plea bargain—the amount of the prison term defendant would be sentenced to serve—was stated five times during the plea colloquy. Each rendition was substantially the same: defendant would plead guilty to the first two counts (possession for sale of heroin and of cocaine, respectively) and he would admit the Penal Code section 1203.07, subdivision (a)(1) allegation; if he appeared in court on the date to be set for sentencing, he would receive the low base term of two years on each count, each term to run concurrent to the other, and he would receive a high base term of four years on count one and a one-third the midterm consecutive sentence (one year) on the second count, if he did not appear for sentencing. We have set out the pertinent colloquy in the margin.[1]

---

[1] "[DEPUTY DISTRICT ATTORNEY]: We do have a resolved disposition on this case.
"THE COURT: Yes.
"[DEPUTY DISTRICT ATTORNEY]: The disposition is that the defendant will be pleading guilty to counts 1 and 2, possession of heroin and possession of cocaine, both of those for sale, in violation of Health and Safety section 11351. The defendant will be admitting the denial of probation allegation in count 1. [¶] The defendant, because of his lack of prior record and plea, will receive the low base term of two years concurrent on counts 1 and 2. [¶] However, because the defendant is on bail and as an express part of the negotiated disposition, the defendant understands and agrees to the fact that if he does not appear at his probation and sentence date, since he's not in custody, he will receive the high base term of four years on count 1 and one year, one-third the mid base term, consecutive on count 2. [¶] And that is a negotiated package disposition allowing him to remain out of custody pending his P and S. If the defendant appears at his P and S he will get the low term of two years concurrent. [¶] The defendant understands that this is a negotiated disposition agreed upon by both sides solely to allow him to remain free till the probation and sentence date of August 12th. [¶] It that your understanding, [defense counsel]?
"[DEFENSE COUNSEL]: Yes, it is.
"[DEPUTY DISTRICT ATTORNEY]: And is that your understanding, Mr. Vargas?
"THE DEFENDANT: Yes.
"[DEPUTY DISTRICT ATTORNEY]: And do you expressly agree that you will receive five years if you do not appear at your probation and sentencing hearing and will receive two years if you do?
"THE DEFENDANT: Yes.
"[DEPUTY DISTRICT ATTORNEY]: Upon sentencing the People will move to dismiss counts 3 and 4, Your Honor.
"THE DEFENDANT: Okay.
"[DEPUTY DISTRICT ATTORNEY]: May I proceed?
"THE COURT: No, I want to make certain that I am absolutely clear on the agreement. [¶] I understand what will happen to the defendant and this is a condition of the negotiated plea should he fail to appear on August 12, 1988 for his probation and sentencing hearing. [¶] However, it's—as I understand what you just said, he will plead guilty to counts 1 and 2, a violation of section 11351 of the Health and Safety Code. He will receive the low term of two years as to those two counts to run concurrently. He will admit the no probation allegations. [¶] And if I understand that, that means he will get a total sentence on August the 12th, if he appears, of two years. Is that correct?
"[DEPUTY DISTRICT ATTORNEY]: Yes, Your Honor.
"THE COURT: If he fails to appear, then he has obligated himself to serve the high term of four years as to count 1, one-third the mid term which is one year—the mid term is three

The record unambiguously reflects that this was the understanding of both prosecution and defense counsel, and of defendant himself. Defendant entered his plea after full waivers, but nothing was said on the record about the court's authority to ultimately reject the bargain at the sentencing hearing or about defendant's right to withdraw his plea if it did. (See Pen. Code, § 1192.5.)

The court set the case for hearing on a probation report and for sentencing on August 12, 1988, at 9:30 a.m. and ordered defendant to return at that time. He was to remain on bail during the interim.

Defendant did not appear for sentencing on August 12, 1988, and a bench warrant was issued for his arrest. He finally made an appearance on October 18, 1989, some 14 months later, after having been apprehended in another county on an unrelated matter. His attorney then moved to with-

---

years, the one-third would be one year—or a total of five years if he fails to appear on August 12 for sentence.

"[DEPUTY DISTRICT ATTORNEY]: Yes, Your Honor.

"THE COURT: At time of probation and sentencing hearing counts 3 and 4 will be dismissed.

"[DEPUTY DISTRICT ATTORNEY]: Yes, Your Honor.

".    .    .    .    .    .    .    .    .    .    .    .    .    .

"[DEPUTY DISTRICT ATTORNEY]: Did you hear and understand the negotiated disposition by which you are going to remain free on bail pending your probation and sentence date of August the 12th in which you will receive two years in the state prison on counts 1 and 2 concurrently if you appear on August 12th? If you do not appear on August 12th then when you are apprehended and brought before the court, you expressly understand and agree that you will receive a sentence of five years in the state prison as outlined by the Court? [¶] Do you understand and agree to that?

"THE DEFENDANT: Yes.

"[DEPUTY DISTRICT ATTORNEY]: Counsel, are you satisfied your client understands the nature and consequences of his plea of guilty and all his constitutional and legal rights?

"[DEFENSE COUNSEL]: Yes, counsel joins.

".    .    .    .    .    .    .    .    .    .    .    .    .    .

"[THE COURT]: I note once again for the record that if the defendant appears for his probation and sentencing hearing on August 12, 1988, he will receive a sentence of the low term of two years in the state prison and to counts 1 and 2 concurrent with each other. [¶] If he fails to appear on August 12 for his probation and sentencing hearing, then as a part of this agreed upon disposition the defendant will be sentenced to serve five years in the state prison. And that appearance is a condition precedent to the imposition of the low term two years. Now, Mr. Vargas, you have agreed to have your probation and sentencing hearing set on August 12, which is a Friday, here in Department D. And once again, I advise you that you are entitled to have your probation and sentencing hearing 21 days from today's date. Do you agree to have your probation and sentencing hearing on August the 12th?

"THE DEFENDANT: Yes.

"THE COURT: Counsel join?

"[DEFENSE COUNSEL]: Counsel joins.

"THE COURT: And time is waived."

draw the guilty pleas. The motion was briefed and argued, and on November 21, 1989, it was denied.

The probation officer testified at the sentencing hearing to admissions by defendant to the effect that he had separated from his wife, had returned to Mexico, and was concerned that he would receive more time if he appeared in court.

Defendant was sentenced to the high term of four years on count one, and to a consecutive term of one year on count two. The other counts were dismissed. He has appealed from the judgment of conviction.

## DISCUSSION

Before the trial court and on appeal defendant has argued that the sentence is illegal because it is inconsistent with the requirement of Penal Code section 1192.5 as construed in a line of cases leading to the definitive case, *People* v. *Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439].

The statute constitutes a legislative recognition of plea bargaining, "an accepted practice in our criminal justice system." (*People* v. *Cruz, supra,* 44 Cal.3d at p. 1249.) It provides in part that, if the trial court approves a plea bargain, it is to inform the defendant before the plea that its approval is not binding, that the court may withdraw its approval in light of further consideration and that, if it does, "the defendant shall be permitted to withdraw his plea if he desires to do so . . . ." (*Id.* at p. 1250.)

*People* v. *Cruz, supra,* was the last of a series of cases in which the trial court sought to impose a greater sentence than the one agreed upon in a plea bargain. In each case the court considered itself justified in doing so because of a misrepresentation by the defendant that had led to the bargain, or by the defendant's failure to appear for sentencing. And in each case the defendant had not been permitted to withdraw his plea pursuant to Penal Code section 1192.5.[2]

---

[2] The cases collected and discussed in Cruz are: *People* v. *Johnson* (1974) 10 Cal.3d 868, 872 [112 Cal.Rptr. 556, 519 P.2d 604] (defendant's "unclean hands" in concealing his true name and past criminal record did not prevent him from withdrawing his plea once the court repudiated the plea bargain); *People* v. *Morris* (1979) 97 Cal.App.3d 358, 364 [158 Cal.Rptr. 722] (after terms of plea bargain were stated and agreed upon, under which no prison sentence would be imposed, trial judge announced intention to summarily impose prison sentence but stay execution in order to assure defendant's appearance at sentencing upon his own-recognizance release; this "wholly unrelated and unbargained condition" was improper); *People* v. *Barrero* (1985) 163 Cal.App.3d 1080, 1085 [210 Cal.Rptr. 70] (similar); *People* v. *Santos* (1985) 171 Cal.App.3d 67, 70 [216 Cal.Rptr. 911] reached a contrary result in the

In *Cruz*, as in this case, the defendant had failed to appear at the scheduled sentencing hearing. When he finally did appear, the trial court considered itself justified in imposing a greater sentence than had been agreed upon in the plea bargain, and in refusing to allow the defendant to withdraw his plea under Penal Code section 1192.5. In *Cruz*, and the cases it discusses, a Penal Code section 1192.5 admonition had not been given, and the defendant had not waived the right to withdraw his plea.

The court held that the sentence imposed was improper: "The imposition of an additional or enhanced sentence for a separately chargeable offense without the benefit of a trial on that charge, and in the absence of a knowing and intelligent waiver, is clearly offensive to the principles of due process. As stated in *In re Lunceford*, *supra*, 191 Cal.App.3d at page 184, '[n]onbargaining defendants who flee before trial are not summarily pronounced guilty and subjected to the maximum sentences upon their apprehension. Both classes of fleeing defendants[, those who plea-bargain and those who do not,] are equally subject to punishment under [Penal Code] sections 1320 and 1320.5; both are entitled to trial upon request.' (Fn. omitted; see also *Morris*, *supra*, 97 Cal.App.3d at p. 364. ['[A] defendant who . . . fails to appear without justification is subject to punishment upon conviction of the separate offense of a wilful failure to appear [citation] in an action brought at the discretion of the prosecutor, not by peremptory judicial fiat. [Citations.]'].)" (*People* v. *Cruz*, *supra*, 44 Cal.3d 1253.)

But the court also noted that it did not mean to imply by its approval of the *Morris* line of cases and disapproval of *Santos*, that a defendant "fully advised of his or her rights under [Penal Code] section 1192.5 may not expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term" provided that a knowing and intelligent waiver of the right to withdraw the plea was obtained at the time that the initial plea was accepted. (44 Cal.3d at p. 1254, fn. 5.)

This statement by the Supreme Court and the holdings in *Cruz* and each of the cases it cites (other than *Santos*) serve the objective that plea bargains " 'implement the reasonable expectations of the parties . . . .' " (*People* v. *Cruz*, *supra*, 44 Cal.3d at p. 1250, fn. 2, quoting *People* v. *Mancheno* (1982) 32 Cal.3d 855, 861 [187 Cal.Rptr. 441, 654 P.2d 211].)

context of a defendant who failed to appear for sentencing. *In re Lunceford* (1987) 191 Cal.App.3d 180 [236 Cal.Rptr. 274] and *People* v. *Rodriguez* (1987) 191 Cal.App.3d 1566 [237 Cal.Rptr. 137] arose in the same context and refused to follow *Santos*, which was ultimately disapproved by the Supreme Court in *Cruz*.

That expectation was served in this case. Here, unlike the *Morris* line of cases and *Cruz*, the trial court did not seek to repudiate the plea bargain or to impose a sentence more onerous than that which defendant had agreed to accept as part of the bargain itself. The plea bargain specified the sentence defendant was to receive: two years if he appeared at the sentencing hearing, and five years if he did not.[3]

Neither defendant, his attorney, nor anyone else involved in the plea bargain could have had any reasonable expectation other than that the bargained-for term of five years would be imposed if defendant failed to appear at the sentencing hearing.

Defendant points to the absence of an advisement about Penal Code section 1192.5 in the plea bargain colloquy and argues that, notwithstanding his earlier agreement to the sentence, that statute gave him a right to withdraw his plea. We adopt the characterization of that argument by another court faced with a similar contention: it is a "red herring." (See *People* v. *Jackson* (1980) 103 Cal.App.3d 635, 638 [163 Cal.Rptr. 115].) In *Jackson*, defendant had agreed to a plea bargain that called for a maximum incarceration of six months in county jail, but which was conditioned upon his not having a prior record. The probation report revealed a considerable record, and the trial court sentenced defendant to state prison. Defendant argued that Penal Code section 1192.5 entitled him to withdraw his plea if the court intended to impose a greater term than six months. But "the court didn't change the bargain. The express agreement required a misdemeanor sentence only upon the condition of defendant having a clean record. If that condition were not met, neither the bargain nor the statute gave defendant the right to withdraw his plea. To the contrary, upon failure of the condition, the court was free to exercise its discretion." (103 Cal.App.3d at p. 638.)

It is so in this case. The express agreement for a two-year term required that defendant appear for sentencing. It provided for a five-year term if he did not. The latter condition having occurred, the court was free to impose the agreed upon sentence of five years. It did no less, but no more.

---

[3]The articulated bargain does not explicitly provide that the greater term may not be imposed if defendant's failure to appear for sentencing was with good cause. We believe that condition is implicit, and it clearly was satisfied in this case, since the facts showed that defendant had simply absconded.

The judgment is affirmed.

Woods (A. M.), P. J., and George, J., concurred.