[No. A052251. First Dist., Div. Two. Mar. 18, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WAYNE JENSEN, Defendant and Appellant.

**COUNSEL**

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SMITH, J.**—David Wayne Jensen appeals from a judgment of imprisonment following the denial of a motion to withdraw his plea of guilty. Pursuant to the trial court's policy, the plea agreement was modified to include a provision that appellant be conditionally sentenced to two years at the

Department of Corrections, but if he surrendered himself on the date set his prison term would be recalled and he would instead be placed on felony probation for one year, to be served in the county jail. When appellant ultimately failed to appear, he was given the prison sentence and his motion to withdraw the guilty plea was denied. Appellant contends that the two-year term was a judicially imposed provision impermissibly injected into the plea bargain to enforce his appearance. We agree and reverse.

## BACKGROUND

On November 28, 1989, appellant was charged with a violation of Penal Code[1] section 12021 (ex-felon in possession of a concealable firearm), punishable by imprisonment not exceeding one year. The prosecutor alleged as an enhancement that appellant had served a prior prison term (§ 667.5, subd. (b)). On June 18, 1990 (all further calendar references are to that year), appellant pleaded guilty to the firearm charge.

The terms of appellant's plea bargain are the subject of the current appeal. Initially, the prosecution and defense reached an accord whereby the enhancement was to be dropped and appellant placed on felony probation on the firearm charge consisting of a year in county jail with no credit for time served. After reciting these terms, appellant's counsel told Judge Spellberg that appellant requested a stay of execution, noting that his client "understood the court's policy concerning that." The judge replied, "He understands I'm going to sentence him to the Department of Corrections for two years. If he doesn't show up or picks up another beef, there's no revocation or hearing. When we get our hands on him, he goes to the Department of Corrections." Appellant's counsel asked his client if he understood these terms and he replied affirmatively.

Judge Spellberg then announced that he was sentencing appellant to two years in state prison, with the qualification that "[i]f the Defendant appears on time on September 5th at 8:30 in the morning with no additional offenses, pursuant to 1170(d), the Court will recall the sentence . . . and place the Defendant on probation for a period of one year . . . ." Once more, the court sought and received appellant's assurance that he understood and accepted the foregoing terms.

On the surrender date, September 5, appellant appeared seven hours late, and was granted a continuance for his surrender until October 12 because his jaw was broken and wired shut as the result of an accident. On October 12, appellant failed to appear at all and a bench warrant issued. On November 5,

---

[1] All further statutory references are to the Penal Code.

appellant was apprehended on the warrant. He appeared for resentencing on November 11, claiming that he had tried to surrender to the Concord police on the proper date but they had refused to take him in. Announcing that he was going to give appellant "the benefit of the bargain," Judge Spellberg imposed the two-year state prison sentence. Appellant's motion to withdraw his guilty plea was denied.

APPEAL

Appellant contends that the "return provision" which he was found to have violated was not a freely bargained for element of his plea agreement but instead was a term added to the bargain by the trial court in accordance with its own sentencing "policy." Under section 1192.5, a trial judge who chooses not to approve a plea bargain must allow the defendant to withdraw his plea.[2] Because the addition of the return provision constituted a rejection of the original bargain and the trial judge did not give appellant an opportunity to withdraw his plea, appellant argues that the two-year prison sentence was improperly imposed.

Appellant's position finds support in a line of cases beginning with *People v. Morris* (1979) 97 Cal.App.3d 358 [158 Cal.Rptr. 722] (*Morris*), which holds that a trial court may not accept a proffered plea agreement and then attach its own return provision to the final bargain. In *Morris*, defense counsel announced a plea agreement with the prosecutor which provided for no state prison and release on his own recognizance (O.R.) The trial court replied: "Well, I want you to understand that I have adopted [an] O.R. system. I'll sentence him to State Prison and stay it until the [resentencing] date. If he doesn't show up, he goes to state prison. If he does show up, it's reduced to the bargain of no physical. That's maximum incentive. It shouldn't bother him a bit, because he's going to be here anyway, right?" The defendant agreed to these terms and then did not appear. After he was apprehended the court denied his request to withdraw his guilty plea and remanded him to custody for the purpose of carrying out the prison sentence. (*Id.* at pp. 360-362 & fn. 1.)

The Court of Appeal reversed, disapproving the attempted "short cut" of the O.R. process: "Defendant's plea in exchange for the prosecutor's agreement to dismiss the remaining charges expressly rejected the possibility of a

---

[2]Section 1192.5 provides, in part, that a court may not impose "a punishment more severe than that specified in the plea . . . [nor] proceed as to such a plea other than as specified in the plea." Before the plea is entered, the court also must inform the defendant "that (1) its approval is not binding, (2) it may . . . withdraw its approval in the light of further consideration of the matter, and (3) in such cases the defendant shall be permitted to withdraw his plea if he desires to do so."

'physical' or actual sentence of imprisonment. Whether the proffered plea was acceptable was within the exclusive discretion of the court. [Citations.] But the discretion to conditionally approve the negotiated plea bargain did not sanction the wholly unrelated and unbargained condition interjected by the court concerning defendant's candidacy for immediate O.R. release pending contemplated formal sentencing proceedings. No authority validating such an unusual sentencing-release procedure has been advanced or otherwise discovered by us." (97 Cal.App.3d at p. 363, fn. omitted.) The court further stated, "a defendant who . . . fails to appear without justification is subject to punishment . . . in an action brought at the discretion of the prosecutor, not by peremptory judicial fiat." (*Id.* at p. 364.)

*Morris* also rejected the People's argument that the trial court's terms were incorporated into the bargain by the defendant's acceptance of them, noting that the appended condition and resulting sentence were "wholly ineffectual" unless the court had allowed the defendant the opportunity to withdraw his plea. (97 Cal.App.3d at p. 364, fn. 7.)

In *People v. Barrero* (1985) 163 Cal.App.3d 1080 [210 Cal.Rptr. 70] (*Barrero*), the sentencing judge instructed the defendant as follows: " 'I will do it this way. I will let you stay out on bail until the day I sentence you, but the agreement for the low term is always contingent upon your going to the Probation Department, and then your coming back to court.' . . . [¶] 'You understand all of that?' [¶] The defendant responded affirmatively . . . ." Citing *Morris*, the court held that the return provision was improperly imposed. (*Id.* at pp. 1084-1085.)

In *People v. Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439] (*Cruz*), the California Supreme Court considered the issue of judicial return provisions, and unanimously approved of the *Morris* line of cases, writing: "The imposition of an additional or enhanced sentence for a separately chargeable offense without the benefit of a trial on that charge, and in the absence of a knowing and intelligent waiver, is clearly offensive to the principles of due process." (*Id.* at p. 1253.)[3]

We find that the present case is controlled by *Morris* and *Barrero*. The record shows that the trial court maintained a return policy similar to those criticized in the *Morris* line of cases and sentenced appellant pursuant to such policy rather than the plea bargain agreement reached between appellant and the district attorney. The judge indicated as much at the resentencing

---

[3]The court did leave open the possibility that a judicially sanctioned return provision could be enforceable, provided that the defendant was fully advised of his rights under section 1192.5 and entered into a "knowing and intelligent" waiver of such rights at the time of the initial acceptance of the plea. (44 Cal.3d 1247, 1254, fn. 5.)

hearing where he said: "I'm going to give Mr. Jensen the benefit of the bargain and his bargain was he appear on the—on the date set. . . . *I told him* he was going to get two years if he didn't show up. He got a break on a sentence. I gave him a break and I let him out. *He did not do what he was told to* and I'm going to give him the two years and that was *our* deal." (Italics added.)

The only factual difference between the present case and *Morris* or *Barrero* is that in the those cases, the trial court stated that it had "adopted an O.R. system" before explaining the return provision to which the defendants agreed, while here appellant's counsel first stated that he "understood the court's policy" before the court went on to spell out that policy. We do not believe that this insignificant distinction should compel a different result.

The People do not discuss the *Morris* line of cases in their brief, but instead contend that *People* v. *Vargas* (1990) 223 Cal.App.3d 1107 [273 Cal.Rptr. 48] (*Vargas*), controls. In *Vargas*, the prosecutor and defense attorney negotiated a plea agreement which included a return provision. The completed bargain was presented to the sentencing judge, who repeated the terms several times for clarity before approving it. The *Vargas* court held that because the terms were freely bargained for between the prosecution and defense, enforcing them was proper. (*Id.* at p. 1112.) There was no suggestion of a court policy regarding a return provision or O.R. release.

The *Vargas* case is distinguishable from the present one because there the plea agreement was presented in full to a court which simply approved of the terms, while here the court materially altered the bargain in accordance with its predetermined policy. Because the trial court imposed this policy on appellant without permitting him to withdraw his plea in accordance with section 1192.5, the return provision never became a valid part of the plea bargain and its enforcement was improper. (*Morris, supra,* 97 Cal.App.3d 358, 364-365, fn. 7.)

The California Supreme Court has written that "[t]he process of plea bargaining which has received statutory and judicial authorization . . . contemplates an agreement negotiated by the People and the defendant and approved by the court." (*People* v. *Orin* (1975) 13 Cal.3d 937, 942 [120 Cal.Rptr. 65, 533 P.2d 193]; see also *In re Lewallen* (1979) 23 Cal.3d 274, 280-281 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823].) Another court explained: "[Because] [e]xperience suggests that [judicial participation in plea bargaining] risks more, in terms of unintentional coercion of defendants, than it gains in promoting understanding and voluntary pleas . . . most authorities recommend that it be kept to a minimum . . . ." (*People* v. *Williams* (1969) 269 Cal.App.2d 879, 884 [75 Cal.Rptr. 348].)

The American Bar Association, in its Standards for Criminal Justice (ABA Standards), points out that "the Federal Rules of Criminal Procedure and numerous statutes and rules forbid the involvement of judges in plea discussions." (3 ABA Standards, std. 14-3.3(c)-(f) (2d ed. 1980) p. 14.84, fns. omitted.) The ABA Standards further explain that the trial court plays an essential role in the plea bargaining process of ensuring that the process is fair and that the plea is voluntary. A court's participation in the bargaining, or maintenance of a fixed policy regarding any aspect of plea agreements, could compromise this essential role. Also, coercion is more likely to occur when a defendant is negotiating with the judge who is presiding over his or her case rather than the prosecutor, and equality of bargaining power between the prosecution and defense may be upset when the judge enters into the bargaining process. (ABA Standards, *op. cit. supra.*)

As the appellate court in *Morris* concluded: "While trial courts are encouraged to fashion procedural innovations, consistent with due process requirements, designed to effectively and fairly expedite the processing of criminal cases, we cannot condone unconventional techniques which clearly infringe upon a defendant's basic rights or otherwise fetter prosecutorial discretion as are here manifested." (97 Cal.App.3d 358, 364.) The Supreme Court found this reasoning "manifestly correct" in *Cruz.* (44 Cal.3d 1247, 1253-1254.)

■ We conclude that the return provision was not a valid part of appellant's plea bargain. The trial court, while no doubt well-intentioned, infringed on appellant's due process rights by maintaining and implementing its return provision policy. In light of our conclusion, we do not address the other issue raised by appellant.

### DISPOSITION

The judgment of conviction is reversed with directions to the trial court to set aside appellant's guilty plea, reinstate the original charges, and conduct such further proceedings as may be appropriate.

Kline, P. J., and Benson, J., concurred.