Filed 6/21/13  P. v. Strelow CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JERRY WAYNE STRELOW,<br><br>　　　Defendant and Appellant. | E056870<br><br>(Super.Ct.No. FSB704863)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Kenneth Barr, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant violated a *Vargas*[1] waiver by failing to register as a sex offender,

resulting in the trial court resentencing defendant to six years in prison. Defendant's

appellate counsel has filed a *Wende* brief under *People v. Wende* (1979) 25 Cal.3d 436

and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a

summary of the facts, and requesting this court to undertake a review of the entire record.

This court offered defendant an opportunity to file a personal supplemental brief, which

he has not done. We have concluded our independent review of the record and find no

arguable issues or errors. The judgment is affirmed.

II

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, defendant was convicted of oral copulation in violation of Penal Code[2]

section 288a (case No. FRE03717). In December 2007, the People filed a felony

complaint against defendant for failing to register as a sex offender, in violation of

section 290.012, subdivision (a). In January 2011, defendant pled guilty to the charge (§

290.012, subd. (a)) and also admitted he had previously been convicted of a serious or

violent felony, which constituted a strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)

Thereafter, defendant executed a *Vargas* waiver which permitted his release from custody

---

[1] *People v. Vargas* (1990) 223 Cal.App.3d 1107 (*Vargas*).

[2] Unless otherwise noted, all statutory references are to the Penal Code.

as long as he appeared for sentencing on March 7, 2011, and violated no law in the interim. If he abided by the terms of the *Vargas* agreement during his release, his sentence of six years would be stayed and then reduced to 16 months in prison upon his return to court in March 2011. Defendant was released on his own recognizance, but was rearrested on February 16, 2011, for failing to register on five occasions, in violation of sections 290, subdivision (b), 290.015, subdivision (a), and 290.012, subdivision (a).

At the resentencing hearing on March 7, 2011, defendant was in custody for committing a new felony of failing to register (case No. FSB1100779). Count 2 of the new complaint alleged defendant violated section 290.012, subdivision (a), on February 16, 2011, while defendant was out on his *Vargas* waiver. During the resentencing hearing, the court found that the new complaint constituted a prima facie case that defendant had violated the *Vargas* waiver.

On April 18, 2012, defendant filed a writ of coram nobis, or alternatively, motion to withdraw his guilty plea (the writ). He argued good cause for vacating his 2007 guilty plea included ineffective assistance of counsel, his plea was fraudulently induced, and he entered the plea because of fear he would be physically harmed in prison. Defendant stated in his supporting declaration that, since the age of 18, he had suffered from severe anxiety, moderate depression, and severe agoraphobia. Because of his conviction in 1999, he had to continually protect himself while in prison. The district attorney would not immediately release defendant on his own recognizance unless defendant signed a plea bargain to a 16-month prison term. Defendant did not want to agree and asked his attorney if he could get probation. His attorney said it was unlikely at that time.

3

Defendant insisted he had to get out of jail that day because inmates had threatened him and defendant was concerned for his life. His attorney said that if he wanted to be released, he needed to hurry and sign the plea because the judge was going to lunch. Defendant signed the plea. When defendant asked if he could withdraw his plea later and fight his case, his attorney said that, until defendant was sentenced, "nothing was clad in stone."

On June 29, 2012, the trial court consolidated the new case (case No. FSB1100779) with the instant case, FSB704863. The trial court judicially noticed both cases, including the preliminary hearing transcript in case No. FSB1100779, which showed defendant was held to answer on five counts of failing to register, and the transcript in FSB704863, of defendant's guilty plea and *Vargas* sentencing. The trial court conducted a hearing on the writ concurrent with a hearing on defendant's *Vargas* violation.

During the June hearing, defendant testified consistent with the facts stated in his supporting declaration. He claimed he did not knowingly and voluntarily enter the 2007 guilty plea and he did not violate the *Vargas* waiver because he did not knowingly fail to register. With regard to registering as a sex offender, defendant testified a jail employee handling his release told him he could register as a transient. Defendant then signed a form that looked like a section 290 registration form and believed that was what he signed. He could not actually see the form because he was looking at it through a window and rushed when he signed it because other inmates were watching. Defendant did not want them to see what he was signing. Defendant did not take a copy of the form

4

because he feared the other inmates would see it and then beat him up. After defendant's release, defendant's father discovered there was a warrant out for defendant's arrest. Defendant called the sheriff's department in order to register and was told there was no problem as long as he registered by Friday. However, the Wednesday before that Friday, defendant was arrested for failing to register as a sex offender.

Based on the judicially noticed documents, the transcript of the entry of plea proceedings, and defendant's testimony, the trial court found that defendant's plea in 2011 was willful, voluntary and not coerced. The court denied the writ. The court further found that defendant had violated the terms of his *Vargas* waiver by failing to register during his release, and imposed the six-year sentence contained in his plea agreement.

## III

## DISCUSSION

Defendant has proposed the following issue for our independent review: Whether defendant violated his *Vargas* waiver agreement.

The record demonstrates the written plea agreement sets forth, in detail, the provisions of the *Vargas* waiver on January 31, 2011, and the trial court appropriately explained its terms, as well as the consequences of failure to appear at the sentencing hearing, prior to accepting the plea. The record further demonstrates defendant violated the *Vargas* waiver agreement by committing a new crime, that of knowingly and voluntarily failing to register as a sex offender.

5

We have completed our independent review of the record and find no arguable issues.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.