Filed 7/26/13  P. v. Johnson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUBEN MICHELLE JOHNSON,<br><br>        Defendant and Appellant. | A135494<br><br>(Solano County<br>Super. Ct. No. VCR209448) |

Defendant Ruben Michelle Johnson pleaded no contest to a charge of false imprisonment under a plea bargain promising probation, but he failed to appear for sentencing.  When accepting his plea, the trial court had not addressed the consequences to defendant under the plea bargain if he did not appear for sentencing.  Nor had the court mentioned its power under Penal Code[1] section 1192.5 to disapprove the plea bargain or defendant's right to withdraw his plea in the event of disapproval.  The written waiver of rights executed by defendant in connection with the plea bargain stated only that the "promises" made under the plea bargain would not be "binding" if he failed to appear.

After defendant's arrest on a bench warrant, the trial court imposed a three-year jail sentence, refusing to grant probation as promised by the plea bargain or permit defendant to withdraw his plea.  Defendant contends the language in the written waiver form did not constitute an effective waiver of his right under section 1192.5 to withdraw his plea if the trial court disapproved the plea bargain.  We agree and reverse.

---

[1] All statutory references are to the Penal Code.

# I.  BACKGROUND

Defendant was charged in a complaint, filed November 18, 2010, with aggravated assault (§ 245, subd. (a)(1)), false imprisonment (§ 236), giving false information to a police officer (§ 148.9, subd. (a)), battery (§ 243, subd. (e)(1)), and vandalism (§ 594, subd. (a)).  The complaint was later amended to allege the acts were committed while defendant was released on bail.  (§ 12022.1.)

Under a plea bargain, defendant pleaded no contest to the charge of false imprisonment.[2]  The terms of the plea bargain were reflected in a preprinted "Waiver of Constitutional Rights and Declaration in Support of Defendant's Motion to Change Plea" (waiver form), executed by defendant on December 6, 2010.[3]  Paragraph No. 7 of the waiver form stated, "The maximum punishment which the court may impose based upon this plea is 3 yr," and paragraph No. 9 said, "Whether or not I will get probation is to be determined solely by the Court.  I understand the sentence I receive is solely within the discretion of the Court."  Yet paragraph No. 10 stated that, as an inducement to the plea, defendant "ha[d] been promised" a sentence of three years' formal probation, with a maximum of one year in jail.  In addition to an express waiver of several constitutional rights, the waiver form contained the following statement in bold type, located immediately below the "promised sentence" provisions:  "**I UNDERSTAND THE ABOVE PROMISES ARE NOT BINDING IF I FAIL TO APPEAR AT ANY SUBSEQUENT HEARING, COMMIT ANY CRIME PRIOR TO MY JUDGMENT AND SENTENCING, VIOLATE ANY TERMS OF MY RELEASE, OR IF PLACED ON PROBATION, VIOLATE ANY PROBATION TERM.**"

At the plea hearing, the trial court accepted defendant's no contest plea to the false imprisonment charge and granted a prosecution motion to dismiss the remaining counts.

---

[2] Because the events underlying defendant's crime, an alleged domestic assault, are irrelevant to his contentions on appeal, we do not discuss them.

[3] The waiver form, designated "Form #545," appears to be an official form of the Solano County Superior Court, adopted in 2005.  Its text differs substantially from the text of the current version of the criminal plea form approved by the Judicial Council, Judicial Council Forms, form CR-101.

The court told defendant that, under the terms of the plea bargain, he could be sentenced to a maximum prison term of three years. Explaining, the court said: "If you comply with your probation terms, which will include a jail term of up to 365 days, you won't have to go to prison. But if you fail to comply, then the Court has that power [to impose the prison term]." The trial court obtained defendant's acknowledgment that he signed and understood the waiver form, but it did not otherwise advise defendant with respect to any particular rights, other than the meaning and significance of a *Harvey* waiver. (See *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).)

Defendant failed to appear for sentencing. His bail was revoked, and a bench warrant was issued. Ten months after entering his plea, defendant was arrested on the warrant.

In a sentencing memorandum filed after his arrest, defendant argued the trial court could not impose a sentence greater than the three years of probation promised in the waiver form, despite his failure to appear at the original sentencing hearing. In the event the court intended to impose a greater sentence, defendant sought leave to withdraw his plea on the authority of section 1192.5 and *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).[4]

The trial court denied the motion, concluding the reference to a maximum three-year sentence in the waiver form was intended to authorize the imposition of a greater sentence in the event defendant did not appear for sentencing. The court sentenced defendant to a three-year term in county jail, justifying the sentence in part by reference to defendant's original failure to appear at sentencing.

Defendant obtained a certificate of probable cause permitting appeal of his voluntary plea.

---

[4] Defendant also filed an unsuccessful motion to withdraw his plea on the basis of newly discovered evidence. Defendant raises the denial of this motion as a claim on appeal, but we find it unnecessary to reach this claim.

## II.  DISCUSSION

Defendant contends the trial court was required, under section 1192.5 and *Cruz*, to allow him to withdraw his plea before imposing a sentence greater than the sentence promised in the waiver form.

"[P]lea agreements are a recognized procedure under our judicial system [citations] and a desirable and essential component of the administration of justice." (*People v. Masloski* (2001) 25 Cal.4th 1212, 1216 (*Masloski*).)  Section 1192.5 constitutes the Legislature's recognition of plea bargaining.  (*People v. Vargas* (1990) 223 Cal.App.3d 1107, 1111 (*Vargas*).)  Under section 1192.5, a trial court, after accepting the terms of a plea bargain, cannot sentence the defendant to a punishment more severe than the punishment specified in the bargain.  Further, section 1192.5 requires the court, upon accepting a bargained plea, to inform the defendant that it may withdraw its approval of the bargain prior to imposing sentence and, in that case, must give the defendant the opportunity to withdraw his or her plea.

In *Cruz*, the Supreme Court considered the scope of a defendant's right to withdraw under section 1192.5.  The defendant in *Cruz* pleaded guilty under a plea bargain promising probation.  After the defendant failed to appear at the scheduled sentencing hearing, the trial court declined to abide by the plea bargain, presumably because the defendant's failure to appear constituted a breach of the bargain, and imposed a prison term without providing the defendant an opportunity to withdraw his plea. (*Cruz, supra,* 44 Cal.3d at p. 1249.)  The Supreme Court held that the defendant's failure to appear did not constitute a breach of the plea bargain but, rather, was a separate chargeable offense.  Accordingly, the trial court's sentence effectively imposed a punishment for this offense without providing due process.  (*Id.* at p. 1253.)  Under section 1192.5, the court held, the defendant should have been permitted to withdraw his plea if the trial court intended to impose a greater punishment than that permitted by the plea bargain. (*Cruz*, at pp. 1253–1254.)  In a footnote, the court noted that the right to withdraw a plea under section 1192.5 is subject to waiver:  "We do not mean to imply by this holding that a defendant fully advised of his or her rights under section 1192.5 may

4

not expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term.  Any such waiver, of course, would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Cruz*, at p. 1254, fn. 5.)

Footnote 5 has resulted in the so-called "*Cruz* waiver." (*Masloski, supra*, 25 Cal.4th at p. 1215.)  The earliest post-*Cruz* decision, *Vargas*, held that a where a plea bargain contains a provision expressly establishing a greater punishment in the event the defendant fails to appear for sentencing and the record demonstrates unambiguously the defendant's understanding of this term, the defendant can be sentenced to the greater specified sentence without being permitted to withdraw his or her plea. (*Vargas*, *supra*, 223 Cal.App.3d at p. 1112.)  In these circumstances, the *Vargas* court reasoned, imposition of the greater sentence does not require a disapproval of the plea bargain, since the greater sentence is part of the bargain itself. (*Id.* at p. 1113.)  A subsequent decision, *People v. Jensen* (1992) 4 Cal.App.4th 978, clarified that, to comply with section 1192.5, the greater sentence must be a part of the bargain agreed to by the defendant and the prosecution, rather than a term grafted onto the agreement by the trial court when accepting the plea. (*Jensen*, at pp. 981–983.)

In *Masloski*, the Supreme Court effectively ratified *Vargas*, holding that a valid *Cruz* waiver occurred when the plea bargain contained a provision characterized in the following manner by the trial court to the defendant in accepting the plea:  " 'What a *Cruz* waiver is, I make sure that you show up on the date of sentencing.  What I want is your permission that we enter into a contract. [¶] What this means is that you show up on time and I will follow the plea bargain.  If you are late, or heaven forbid, you don't show up at all, then I want your permission to treat this as an open plea which means I am not bound by the [sentence in the plea agreement], that I can give you as much as six years in state prison if the facts warrant it." (*Masloski*, *supra*, 25 Cal.4th at p. 1215.)  The court accordingly affirmed the trial court's imposition, after the defendant did not appear on the

5

scheduled date for sentencing, of a sentence greater than that stated in the plea bargain without allowing the defendant to withdraw her plea. (*Id.* at pp. 1222–1224.)

There can be little doubt that, in the absence of a valid *Cruz* waiver, the trial court's imposition of a three-year jail sentence violated section 1192.5. There is no dispute defendant's plea bargain called for three years' probation and no more than a year in jail. Because a three-year jail sentence is a greater punishment than probation, the trial court could not, consistent with section 1192.5, impose that sentence without first permitting defendant to withdraw his plea.

Nor does this case fit within *Vargas.* No provision in the waiver form expressly authorized the trial court to impose a greater sentence if defendant failed to appear for sentencing. Granted, one provision of the waiver form stated that the court could impose a maximum sentence of three years and a second provision stated, "the above promises [regarding a sentence of probation] are not binding if I fail to appear at any subsequent hearing," but no language in the waiver form tied these two provisions together. (Bold, underscoring and capitalization omitted.)

The Attorney General argues the latter provision, which stated in full, "I understand the above promises are not binding if I fail to appear at any subsequent hearing, commit any crime prior to my judgment and sentencing, violate any terms of my release, or if placed on probation, violate any probation term" (bold, underscoring and capitalization omitted), constituted an adequate waiver of defendant's section 1192.5 rights under footnote 5 of *Cruz.* To satisfy *Cruz*, any waiver of section 1192.5 rights must have been "knowing and intelligent." (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; see *People v. Collins* (2001) 26 Cal.4th 297, 308.) To meet this standard, the waiver was required to be "knowing in the sense that it was 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.' " (*People v. Sauceda-Contreras* (2012) 55 Cal.4th 203, 219.) The knowing nature of the waiver must be determined from the totality of circumstances. (*People v. Davis* (2009) 46 Cal.4th 539, 586.) " 'On appeal, we independently examine the entire record

to determine whether the defendant knowingly and intelligently waived' " his or her rights. (*People v. Elliott* (2012) 53 Cal.4th 535, 592.)

For two reasons, we conclude the quoted language, in the greater context of the waiver form and the plea hearing, does not meet the "knowing and intelligent" standard. First, we find the language of the waiver form itself insufficiently clear to permit a conclusion defendant was fully aware of " 'both the nature of the right being abandoned and the consequences of the decision to abandon it.' " (*People v. Sauceda-Contreras, supra,* 55 Cal.4th at p. 219.) Even aside from the quoted language, the waiver form suffered from an inherent ambiguity caused by its mutually inconsistent provisions. As noted, one provision stated that "the sentence I receive is solely within the discretion of the Court," while another paragraph contained a promise of probation. Further, under section 1192.5, that promise would have been binding on the court had it accepted the plea bargain. In other words, despite the express statement to the contrary in the waiver form, the sentence defendant was to receive was *not* "solely within the discretion of the Court." Rather, the court was bound by the promised sentence and could not impose any other sentence without first permitting defendant to withdraw his plea. Because there was no qualification of the paragraph vesting absolute sentencing discretion in the court and no mention of defendant's ostensible rights under section 1192.5, the waiver form was inherently inconsistent and, frankly, confusing to a person unschooled in criminal practice and procedure.

Particularly viewed in that light, the statement in the subsequent warning that "the above promises are not binding" if defendant later failed to appear is incurably ambiguous. Although the warning states the promises are not binding, it does not specify the consequences to follow from a finding that the promises are no longer binding. The statement could mean what the Attorney General argues: that a greater sentence than the promised sentence could be imposed if defendant failed to appear. On the other hand, a person familiar with section 1192.5 could assume the statement simply reflects the rights guaranteed by that statute. In that scenario, the trial court could disapprove the bargain if defendant failed to appear and impose a greater sentence than the promised one, but only

7

after complying with section 1192.5 by permitting defendant to withdraw his plea. Because both interpretations are plausible, we have no basis for assuming defendant understood the waiver form to mean he was waiving his rights under section 1192.5. The difficulty in finding a knowing waiver is compounded by the failure of the waiver form to mention the warnings required of the trial court by section 1192.5 regarding the nonbinding nature of the plea bargain on the trial court and the consequences flowing from the court's disapproval of the bargain.[5]

The parallel language in the current version of the plea form approved by the Judicial Council, paragraph No. 10.a. of Judicial Council Forms, form CR-101, provides an example of an unambiguous *Cruz* waiver. That paragraph states, "I agree that if I fail to appear on the date set for surrender or sentencing without a legal excuse, my plea will become an 'open plea' to the court, I will not be allowed to withdraw my plea, and I may be sentenced up to the maximum allowed by law." This provision clearly states the nature of the right abandoned, the opportunity to withdraw the plea, and the consequences of the decision to abandon it, the potential imposition of the maximum sentence permitted by law. In contrast, the language contained in the waiver form merely states that the "above promises" are not "binding," without mentioning the possibility of a withdrawal of the plea or explaining what consequences will flow once the promises are no longer binding.[6] (See also *People v. Rabanales* (2008) 168 Cal.App.4th 494, 503–505 [quoting alternative waiver form language creating a *Cruz* waiver].)

Even if the waiver form had been clearer, the trial court's comments at sentencing precluded the finding of a knowing waiver of *Cruz* rights. As noted above, the waiver

---

[5] Because we find the language of the waiver form inadequate to constitute a *Cruz* waiver, we need not address defendant's further argument that a *Cruz* waiver must be accepted by the trial court orally, rather than contained in a written disclosure form. We also decline defendant's invitation to set aside the trial court's disapproval of the plea bargain, finding no abuse of the court's discretion.

[6] In light of the fundamentally ambiguous nature of the waiver form, the superior court should consider substantially revising the form or adopting use of the parallel Judicial Council form, which does not appear to suffer from the same deficiencies.

form is ambiguous with respect to the circumstances under which the trial court can impose a sentence other than the promised sentence. Although the trial court made no mention of the disclosures required by section 1192.5 when accepting defendant's plea, it did purport to explain the circumstances under which a sentence greater than the promised sentence would occur. The trial court told defendant the maximum sentence could be imposed if he violated the terms of his probation. No mention was made by the trial court of the other circumstances mentioned in the waiver form warning—the failure to appear at a subsequent hearing, the commission of a crime prior to sentencing, and the violation of a term of release. Defendant would therefore have been justified in concluding that, whatever the consequences of those acts, they would not include imposition of the maximum term permitted under the waiver form.

### III. DISPOSITION

The judgment of conviction is reversed with directions to the trial court to set aside defendant's guilty plea, reinstate the original charges, and conduct such further proceedings as may be appropriate.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.

9