Filed 4/26/22  P. v. Delatorre CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>OSCAR DELATORRE,<br><br>　　Defendant and Appellant. | B311095<br><br>(Los Angeles County<br>Super. Ct. Nos. NA107197,<br>　7LB00401) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Rachael A. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Oscar Delatorre pled no contest to second degree robbery and a firearm enhancement. (Pen. Code, § 211, 12022.5, subd. (a).[1]) The parties agreed Delatorre would be sentenced to a total of 10 years, and also agreed he would be released temporarily, surrender in November 2019, and be sentenced in January 2020. Delatorre failed to surrender as agreed. After he was apprehended more than a year later, the court sentenced him to 15 years.

Delatorre asserts on appeal that the trial court abused its discretion in sentencing him for a term higher than the bargained-for term. He asks that we remand the case and order the trial court to sentence him to 10 years. Notably, Delatorre does not seek to withdraw his plea. Delatorre is not entitled to the remedy he seeks. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2018 the People filed an information charging Delatorre and two codefendants with crimes committed on August 19, 2017. Delatorre was charged with felony second degree robbery (§ 211, count 1), assault with a firearm (§ 245, subd. (a)(2), count 2), and possession of a firearm by a felon (§ 29800, subd. (a)(1), count 3). The People also alleged as to count 1 that Delatorre personally used a firearm (§ 12022.53, subd. (b), (e)(1)), and as to counts 1 and 2 that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

Delatorre initially pled not guilty, but on the date set for trial, October 21, 2019, the parties announced they had reached a plea bargain. The following exchange occurred in court:

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

"The court: Oscar Delatorre, it's count 1, which is the robbery, high term of five years, plus – People, you're going to amend to add a 12022.5(a)?

"Mr. Smith [prosecutor]: Yes, your honor.

"The court: Okay. And there is a midterm of five years for that. So it's a total of ten years state prison.

"Mr. Delatorre, I will allow you to be out for a little bit longer to get your affairs in order, but you're going to need to surrender the week before the week of Thanksgiving, and then it sounds like everybody wants to be sentenced after the holidays. So I'll formally sentence you after the holidays, but you have to surrender during that week of November 18.

"Is that your understanding of the plea agreement, sir?

"Defendant Oscar Delatorre: Yes.

"The court: Is this an offer that you want to take?

"Defendant Oscar Delatorre: Yes."

The court discussed the plea agreements of the codefendants, then confirmed with each defendant that he understood the consequences of his plea. The court then took the defendants' pleas; Delatorre pled no contest to count 1 and admitted the gun allegation. The court noted that the parties had agreed that the sentencing hearing would be on January 7. The following exchange then occurred:

"The court [to Delatorre's counsel]: What date is your client going to be surrendering?

"Mr. Cook: November 21st.

"The court: All right. So Oscar Delatorre, it's important that you understand that this plea will be retracted and will go back to all of the original charges if you don't show

3

up on November 21st.  Okay.  So all bets are off.  You could be sentenced to the max. I know you have always made your court dates.  You have been good about that.  This would be a bad time for you to miss a court date.  It would also be a bad time for you to pick up any new cases.  So make sure you don't have any last celebrations, last hurrah that ends up with the police being called or any other new charges.

"Do you understand, sir?

"Defendant Oscar Delatorre:  Yes, ma'am.

"The court:  If that happens, if there were new charges, again, this deal will be off the table, we would start fresh, and you could potentially face even new charges being filed.

"Okay.

"Do you have any questions?

"Defendant Oscar Delatorre:  No."

Delatorre did not surrender on November 21, 2019.  He was arrested pursuant to a bench warrant issued for his failure to appear.  In January 2021, his counsel filed a sentencing memorandum requesting "leniency in this matter" and asking "that the original plea bargained sentence be imposed with no further sanction."  The memorandum stated that at the time the nonappearance warrant was issued, Delatorre was parent to a newborn, the child's mother was unemployed, and "Mr. Delatorre felt that his obligation was to provide food and housing for his newborn."  Delatorre did not request to withdraw his plea.

At the sentencing hearing on January 27, 2021, the court acknowledged Delatorre's sentencing memorandum and asked counsel if he had anything to add. Delatorre's counsel said that Delatorre's purpose in not surrendering was to continue working

4

to provide for his family.  Delatorre told the court he was sorry for not going "about things the right way," and now he was ready to "clear my time and get back to my family."  The court said, "Mr. Delatorre, it's a little too late for apologies at this point.  You knew exactly what would happen if you didn't show up.  You made that choice.  We talked about it."  The court acknowledged that sentence in the plea agreement had been for 10 years, but sentenced Delatorre to five years for the robbery, plus 10 years for the firearm enhancement, for a total of 15 years on count 1.  The court dismissed counts 2 and 3 pursuant to the plea agreement.

Delatorre timely appealed.  He did not obtain a certificate of probable cause.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)

## DISCUSSION

Delatorre asserts that the court abused its discretion by imposing a longer sentence, because he was "not given the benefit of the bargain."  He asks that this court vacate his sentence, remand, and instruct the trial court to impose the plea agreement sentence of 10 years.  He states that he is not seeking to withdraw his plea; he is asserting only that the court's "unilateral decision to impose a higher sentence than that which was negotiated by the parties" was an abuse of discretion.  "We review a trial court's sentencing decisions for an abuse of discretion, evaluating whether the court exercised its discretion 'in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest."'" (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.)

A court's obligation to comply with the terms of a plea agreement is addressed in section 1192.5. In general, "[u]nder section 1192.5, if a plea agreement is accepted by the prosecution and approved by the court, the defendant 'cannot be sentenced on the plea to a punishment more severe than that specified in the plea....' The statute further provides that if the court subsequently withdraws its approval of the plea agreement, 'the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.'" (*People v. Masloski* (2001) 25 Cal.4th 1212, 1217.) A defendant may waive section 1192.5 rights in what is commonly called a "*Cruz* waiver." (See *People v. Cruz* (1988) 44 Cal.3d 1247, 1254 fn. 5 (*Cruz*) [a "defendant fully advised of his or her rights under section 1192.5 may . . . expressly waive those rights"].)

Delatorre does not cite or rely on section 1192.5, although he asserts that he never executed a *Cruz* waiver.[2] He did not seek to withdraw his plea below, and does not seek to do so on appeal. Delatorre acknowledges he did not obtain a certificate of probable cause (§ 1237.5), and asserts that his appeal involves only "matters occurring after the plea . . . that do not affect the validity of the plea." (Cal. Rules of Court, rule 8.304(b)(2)(B); see also *People v. Rabanales* (2008) 168 Cal.App.4th 494, 501 [where the defendant alleges "breach of the plea agreement by the court, which . . . occurred after entry of the plea and pertains only to a

---

[2] Delatorre asserts in passing that the court did not provide "an express opportunity to waive his right to withdraw his plea" at the time of the plea agreement, but he does not contend this was error. Notably, "advisement error and violation of a plea bargain are two different things." (*People v. Villalobos* (2012) 54 Cal.4th 177, 185.)

matter involving sentencing," review may be appropriate without a certificate of probable cause].)

The remedy for violation of a plea agreement "depends on the circumstances of each case," and the "typical remedy is to allow the defendant to withdraw his or her guilty plea and go to trial on the original charges." (*People v. Renfro* (2004) 125 Cal.App.4th 223, 233; see also *People v. Kim* (2011) 193 Cal.App.4th 1355, 1362.) "The goal in providing a remedy for breach of [a plea] bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case. Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the time of sentencing, and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860 (*Mancheno*).)

"[A] defendant should not be entitled to enforce an agreement between himself and the prosecutor calling for a particular disposition against the trial court absent very special circumstances. The preferred remedy in that context is to permit a defendant to withdraw his plea and to restore the proceedings to the original status quo. . . . [I]t is not intended that a defendant and prosecutor be able to bind a trial court which is required to weigh the presentence report and exercise its customary sentencing discretion." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 13-14; see also *People v. Loya* (2016) 1 Cal.App.5th 932, 949-950.) Thus, "California courts . . . generally disfavor the

7

remedy of specific enforcement of a failed plea bargain when 'specifically enforcing the bargain [will limit] the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing.'" (*In re Alvernaz* (1992) 2 Cal.4th 924, 942; see also *People v. Calloway* (1981) 29 Cal.3d 666, 671 ["ordering specific performance would prevent the trial court from exercising its sentencing discretion, forcing the court to impose a sentence it expressly rejected as inappropriate"]; *Mancheno, supra,* 32 Cal.3d at p. 861 ["Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances"]).)

Delatorre does not cite any authorities supporting his claim that the trial court was required to impose the plea bargain sentence under the circumstances. Instead, he relies exclusively on cases focused on section 1192.5, even though he neither cites section 1192.5 nor seeks the remedy that section provides. Delatorre cites two cases with parallel fact patterns, *People v. Morris* (1979) 97 Cal.App.3d 358 (*Morris*) and *People v. Jensen* (1992) 4 Cal.App.4th 978 (*Jensen*), in which the defendants agreed to plea bargains that included agreements that the defendants would be released and submit to sentencing at a later date. The courts purported to approve of the plea deals, but instead of sentencing the defendants to the agreed-upon terms, the courts followed general "policies" intended to ensure the defendants' return: they sentenced the defendants to higher terms, stayed the sentences, and told the defendants that if they appeared at sentencing the higher term would be vacated and the agreed-upon term would be imposed, but if they did *not* appear at

8

sentencing the higher sentence would be remain in place. (*Morris, supra*, 97 Cal.App.3d at p. 360 and fn. 1; *Jensen, supra*, 4 Cal.App.4th at p. 980.)  Both defendants failed to appear, and after they were apprehended, they moved to withdraw their pleas.  The courts denied the motions and imposed the higher sentences.  (*Morris, supra*, 97 Cal.App.3d at p. 362; *Jensen, supra*, 4 Cal.App.4th at p. 981.)

The Court of Appeal reversed both judgments, finding that the courts' policies of sentencing defendants without regard to the plea agreements violated section 1192.5.  The *Jensen* court, relying on *Morris*, stated that "the trial court maintained a return policy similar to those criticized in the *Morris* line of cases and sentenced appellant pursuant to such policy rather than the plea bargain agreement reached between appellant and the district attorney." (*Jensen, supra*, 4 Cal.App.4th 978, 982.)  The remedy in both cases was to allow the defendant to withdraw the plea.  As the *Morris* court stated, "Since the defendant was not accorded the full benefits of the negotiated plea bargain, unhindered by the invalid condition, he was entitled to withdraw his plea of guilty and enter a new and different plea to the original charges upon reinstatement." (*Morris, supra*, 97 Cal.App.3d at p. 364; see also *Jensen, supra*, 4 Cal.App.4th at p. 984 [remanding "with directions to the trial court to set aside appellant's guilty plea, reinstate the original charges, and conduct such further proceedings as may be appropriate"].)[3]

---

[3] Delatorre also cites *People v. Barrero* (1985) 163 Cal.App.3d 1080, a section 1192.5 case similar to *Morris*, in which the court also remanded to allow the defendant to withdraw his plea.

9

Delatorre states that the facts of *Jensen* and *Morris* are indistinguishable, and that those cases support his position. First, he asserts that here, "the return provision was never a valid part of the plea bargain." However, the record makes clear that the parties agreed to the delayed sentencing schedule as part of their plea negotiations. The court recited the terms of the agreement to the parties, including the release, return, and sentencing schedule ("you're going to need to surrender the week before the week of Thanksgiving," "it sounds like everybody wants to be sentenced after the holidays"), and confirmed that this schedule was part of the agreement ("Is that your understanding of the plea agreement, sir? [Delatorre]: Yes."). This record is sufficient to show that the return and sentencing dates were part of the parties' agreement. (See, e.g., *People v. Casillas* (1997) 60 Cal.App.4th 445, 453 (*Casillas*) [the transcript left "no doubt" that a plea agreement with specific terms had "already had been negotiated off the record"].)

Second, Delatorre asserts that the trial court's "unilateral" imposition of a longer sentence mirrors those in *Jensen* and *Morris*, even though here the court "did not explicitly state that its increased sentence was based on a policy." We disagree. The record demonstrates that court's sentence was based on facts specific to this case. The court clearly considered the length of Delatorre's absence, his explanation for why he did not appear for sentencing, and the fact that the parties had negotiated to dismiss counts 2 and 3. The sentence was therefore unlike the harsher sentences in *Jensen* and *Morris*, which were imposed at the time of pleading and based only on information known at the time of the plea, not any later breach of the plea agreement. A sentence that is not "a de facto summary punishment for

10

nonappearance" but instead is "the result of trial court discretion based on all the circumstances" is "responsive to the concerns voiced by" *Morris* and similar cases. (*Casillas, supra,* 60 Cal.App.4th at pp. 452-453.)

Even assuming for the sake of argument, however, that the trial court's imposition of a longer sentence was comparable to the policies imposed in *Jensen* and *Morris*, those cases do not support the remedy Delatorre seeks. *Jensen* and *Morris* rely on section 1192.5, and hold that the courts' errors entitled defendants to withdraw their pleas. Here, Delatorre does not assert any rights under section 1192.5; he states that he "is not . . . seeking to withdraw his plea," but that "the sentencing court was bound by the plea agreement." Neither *Jensen, Morris*, nor any other source cited by Delatorre supports such a remedy under the circumstances. To the contrary, Delatorre asks this court to order specific enforcement of the plea agreement without regard to his own breach of the plea agreement and other events occurring after the plea was entered, thereby "prevent[ing] the trial court from exercising its sentencing discretion, forcing the court to impose a sentence it expressly rejected as inappropriate" at the time of the sentencing hearing. (*People v. Calloway, supra,* 29 Cal.3d at p. 671.) We decline to do so.

Delatorre has not shown that he is entitled to be sentenced to the term in the plea agreement despite his failure to appear. Because he does not invoke his right under section 1192.5 to withdraw his plea (presumably to avoid exposure to renewed prosecution of the dismissed charges), we do not consider whether

11

such a remedy would have been appropriate, had he requested it.[4]

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

---

[4] Because we reject Delatorre's contentions, we do not reach the Attorney General's alternative argument that the longer sentence following nonappearance was enforceable because it was part of the parties' original plea agreement.