Filed 5/1/14  P. v. Lopez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064790 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245557) |
| ADRIAN LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Adrian Lopez appeals the judgment sentencing him to prison for the agreed 15-year term after he pled guilty to robbery, admitted allegations of a prior serious felony conviction, and did not appear at the scheduled sentencing hearing.  Appointed counsel

filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that identified six issues upon which he requested our independent review. We discern no arguable appellate issues and affirm.

BACKGROUND

Lopez punched a man in the face and stole money the man was holding and his wallet. Lopez pled guilty to robbery (Pen. Code, § 211) and admitted he had a prior robbery conviction, which constituted both a serious felony conviction subject to a five-year enhancement (*id.*, § 667, subd. (a)(1)) and a strike for purposes of the "Three Strikes" law (*id.*, §§ 667, subds. (b)-(i), 1170.12). In exchange, the People agreed to the imposition of a nine-year prison sentence. One of the terms of the plea agreement was that Lopez would be released from custody pending sentencing, but if he did not appear at the sentencing hearing, the court would impose the maximum prison term of 15 years.

Lopez was released from custody and ordered to return on a specified date for sentencing. When he failed to appear, the court issued a warrant for his arrest, and he was taken into custody.

At a hearing set for sentencing, the court denied Lopez's motion under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), but continued the hearing to allow Lopez time to consider a request to withdraw his guilty plea. At the continued hearing, Lopez did not move to withdraw the plea, and the court sentenced Lopez to prison for 15 years. The term consisted of the upper term of five years doubled to 10 years under the Three Strikes law based upon the prior robbery conviction (Pen. Code, §§ 213, subd. (a)(2), 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus five years for the prior robbery conviction (*id.*,

2

§ 667, subd. (a)(1)).  The court also imposed a restitution fine of $2,520 (*id.*, § 1202.4, subd. (b)) and other fines, fees, and penalty assessments.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and the proceedings in the trial court.  Counsel presented no argument for reversal, but asked this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel suggested the following issues: (1) "Was appellant properly advised of his constitutional rights and consequences of pleading before entering his guilty plea?"; (2) "Did the trial court err when it denied appellant's *Marsden* motion?"; (3) "Was appellant adequately informed . . . that he would be sentenced to the maximum sentence of 15 years if he failed to appear at sentencing?"; (4) "Did the trial court correctly impose the stipulated sentence as negotiated in the plea agreement[]?"; (5) "Did the trial court properly exercise its discretion when it imposed $2520 in victim [*sic*] restitution?"; and (6) "Was appellant entitled to a hearing on whether he willfully violated the terms of the *People v. Vargas* (1990) 223 Cal.App.3d 1107 waiver?"  After we received counsel's brief, we notified Lopez by letter that he could file a supplemental brief, but he did not respond.

We have reviewed the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, and considered the issues suggested by counsel, but discerned no reasonably arguable appellate issues.  Lopez has been adequately represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.


_____
                                                          IRION, J.


WE CONCUR:


_____
        HUFFMAN, Acting P. J.


_____
        O'ROURKE, J.


4