Filed 6/8/15  P. v. Sutton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062585 |
| v. | (Super.Ct.No. FSB059829) |
| ARTHUR HARVEY SUTTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Arthur Harvey Sutton appeals from an order denying his petition to reduce his felony second degree burglary conviction to a misdemeanor under Penal Code section 1170.18.[1]  We will affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 6, 2007, police officers were dispatched to a vacant, four-bedroom, two-bath residence in Highland in reference to a burglary in progress.  The reporting party stated that he had observed a black male adult, later identified as defendant, removing a stove from the house on a moving dolly.  The reporting party also reported that defendant lived in an apartment across the street from the residence and that he had seen defendant return about an hour later to the vacant house with an empty moving dolly.  When officers arrived at the residence, the reporting party indicated that defendant was inside the residence.  The officers heard movement inside the house, knocked on the door, and ordered defendant to open the door.  However, defendant would not answer the door.

Defendant eventually opened the front door.  He informed the officers that he was homeless and admitted to sleeping in the residence for two nights because it had been cold.  The officers noticed that the stove in the residence was missing and a refrigerator

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken from the police report, which is an augment to the clerk's transcript.  The police report was filed under seal pursuant to section 964.

2

had been placed on a moving dolly. Defendant claimed that he did not know anything about the stove but admitted to placing the refrigerator on the moving dolly because he was going to sell it. Defendant stated that he did not have a job, and he obtained money by recycling. Officers also found a duffel bag full of copper pipe in the living room of the house.

Defendant was arrested for burglary. Prior to being booked into jail, defendant admitted that he had a baggie of methamphetamine in his sock.

The owner of the residence was contacted and stated the home was vacant and being prepared to be rented out. The owner also reported that a stove, a washer, a stereo receiver with speakers, and copper pipes from the plumbing were missing from the residence. The estimated value of these items was $1,800.

On January 9, 2007, a felony complaint was filed charging defendant with second degree burglary (§ 459) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The complaint also alleged that defendant had suffered a prior strike conviction in 1988 for first degree burglary within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d).

On January 18, 2007, pursuant to a negotiated plea agreement, defendant pled guilty to second degree burglary, admitted the prior strike allegation, and entered into a waiver pursuant to *People v. Vargas* (1990) 223 Cal.App.3d 1107 (*Vargas*). In accordance with the *Vargas* waiver, defendant agreed that he would be sentenced to the upper term of three years, doubled to six years, and released from custody. However, if

3

he returned on February 2, 2007, defendant agreed that his sentence would be reduced to the low term of 16 months, doubled to 32 months. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea. The trial court thereafter dismissed the drug charge and sentenced defendant to a total term of six years in state prison with credit for time served, suspended execution of sentence, and released defendant on his own recognizance on the condition that he obey all laws, submit to a search at any time, and return on February 2, 2007.

On April 10, 2007, defendant appeared in court and admitted to violating the terms of his *Vargas* waiver. After denying defendant's motion to withdraw his plea, the trial court imposed the previously suspended sentence of six years in state prison.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies certain drug- and theft-related offenses as misdemeanors that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On November 13, 2014, having completed his six-year sentence, defendant filed a petition to reduce his second degree burglary conviction to a misdemeanor pursuant to section 1170.18.

Following a brief hearing on November 21, 2014, the trial court denied defendant's petition, finding defendant ineligible for reducing his burglary conviction to a misdemeanor and for resentencing. Defendant filed a timely notice of appeal from that order on December 16, 2014.

## II

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

At the time defendant was sentenced on April 10, 2007, second degree burglary was punishable as either a misdemeanor or a felony. (§ 461, subd. (b); see § 17.) The trial court selected the upper term felony sentence, and defendant served that sentence. Subsequently, voters enacted Proposition 47. As previously noted, under Proposition 47, some drug- and theft-related offenses that were previously felonies or "wobblers" are now misdemeanors unless committed by certain ineligible defendants.

Prior to the passage of Proposition 47, a person who entered a commercial business and stole property could be charged and convicted of felony second degree burglary. (§§ 459, 460, 461) After the enactment of Proposition 47, the same perpetrator may only be charged and convicted of misdemeanor shoplifting. (§ 459.5, subd. (a).) Relevant here is section 459.5, which created misdemeanor "shoplifting" for what otherwise would be a commercial burglary when the crime takes place during regular business hours and the value of the property taken does not exceed $950. Section 459.5 is not applicable to persons who have previously been convicted of certain enumerated crimes. (§ 459.5, subd (a); see § 667 subd. (e)(2)(C)(iv).)

Section 1170.18 allows an inmate serving a felony sentence for burglary, which would have been misdemeanor shoplifting under section 459.5 had section 459.5 been in effect at the time of the offense, to petition for resentencing under section 459.5. (§ 1170.18, subd. (a).) Because the value of the property taken was more than $950 and his crime was not committed in a commercial establishment during regular business hours, he does not qualify to have his felony burglary conviction reduced to misdemeanor shoplifting.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's petition to reduce his felony burglary conviction to a misdemeanor and for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.