Filed 10/23/13  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROBERT DANIEL MARTINEZ,

    Defendant and Appellant.

E056782

(Super.Ct.No. FWV702237)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Robert Daniel Martinez guilty of evading a peace officer with willful disregard (Veh. Code, § 2800.2, subd. (a), count 1), and child

1

endangerment under circumstances likely to cause great bodily harm (Pen. Code, § 273a, subd. (a), count 2).[1]  In a bifurcated hearing, a trial court found true the allegations that defendant had two prior strike convictions.  (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)  The court sentenced defendant to 25 years to life in state prison on count 1.  The court also imposed a term of 25 years to life on count 2, but stayed the sentence pursuant to section 654.

Defendant's sole contention on appeal is that the court abused its discretion by refusing to strike one or both of his prior strike convictions.  We affirm.

FACTUAL BACKGROUND

On September 13, 2007, five police officers were dispatched on a 911 call to a residence in the city of Ontario.  They were dressed in their police uniforms.  Upon arrival, the officers did not enter the residence, but stood outside the gate in front of the house.  Defendant came out of the house, and one of the officers called out to him. Defendant made an unintelligible reply and went back into the house.  A few minutes later, defendant came out of the house with his son, and they got into a car.  Defendant backed up the car with a sudden, quick acceleration, right toward the officers.  Just as an officer got out of the way, defendant drove through the gate and sped off in reverse.  The police chased defendant at speeds in excess of 100 miles per hour on surface streets. Defendant ultimately crashed into some wood posts, and ended up in a construction site ditch.  Defendant resisted the police, but they were finally able to control the situation

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

and arrest him. His son, who was in the front passenger seat, was not injured, but he was crying hysterically.

## DISCUSSION

### The Trial Court Did Not Abuse Its Discretion in Declining to Dismiss

### Defendant's Prior Strike Convictions

Defendant contends that the trial court abused its discretion when it denied his motion to dismiss one or both of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). He specifically claims that his case falls outside the three strikes scheme because: (1) doubling the maximum penalty for his conviction would have served the purpose of protecting the community; (2) his two prior strikes arose from a single incident on the same date and involved the same victim; and (3) although his criminal history goes back to 1994, most of his convictions are for "relatively innocuous" misdemeanors. We find no abuse of discretion.

A. *Relevant Background*

Defendant's two prior strikes arose from a 2004 incident. Defendant entered a plea agreement and pled guilty to attempted premeditated murder (§§ 664, 187, subd. (a)) and shooting at an inhabited dwelling (§ 246). He also admitted a gun use enhancement. (Former § 12022.53, subd. (d)). In exchange, he was to receive a 10-year prison term and

3

be released on a *Cruz/Vargas*[2] waiver, with the stipulation that if he violated the law or failed to appear for sentencing he would receive two life terms. Prior to his sentencing hearing, defendant committed the current offenses. The court thus sentenced him to life with the possibility of parole, plus a consecutive 25 years to life in the prior strike case.

In the instant case, defendant filed a motion requesting the court to strike his prior strike convictions. After reviewing the moving and opposing papers and listening to oral argument, the court denied defendant's motion.

B. *The Court Properly Exercised Its Discretion*

In *Romero*, the Supreme Court held that a trial court has discretion to dismiss prior strike conviction allegations under section 1385. (*Romero*, *supra*, 13 Cal.4th at pp. 529-530.) In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), the court identified a number of specific factors a trial court should consider when exercising its discretion. "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id*. at p. 161.)

---

**2** *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5; *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1113.

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Id.* at p. 378.)

The circumstances here were far from extraordinary, and the trial court properly applied the *Williams*' factors to this case in denying defendant's motion. The court reviewed defendant's background and criminal history in detail. His criminal history dates back to 1994, when he was 19 years old. He has three felony convictions from three separate cases, as well as seven misdemeanor convictions, in addition to the prior strikes. Defendant's past criminal history is serious and includes such offenses as driving with a suspended license (Veh. Code, § 14601), driving under the influence (Veh. Code, § 23152), being an accessory to a felony (§ 32), vandalism (§ 594), battery (§ 242), second degree burglary (§ 459), and assault with a deadly weapon (§245, subd. (a)(1)). His criminal history includes three state prison terms, which apparently did nothing to deter him from committing further crimes. It is clear from the record that prior rehabilitative efforts have been unsuccessful. As the court noted, defendant had

5

performed poorly on probation. Furthermore, the court noted its concern about the "highly dangerous and violent nature" of defendant's prior strike offenses. It also pointed out that the prior strikes were recent, and defendant had a "life offense hanging over his head" and chose to commit the current crimes when he had not even been sentenced on his prior convictions. The court then discussed the current offenses, noting there was "a lengthy pursuit of ten miles" which was a "high-risk" pursuit that involved high speeds and endangered the lives of many people on the road, as well as his own son's life. The court summed up its reasons for denying defendant's motion to strike as his lengthy criminal history, his unsatisfactory performance on probation, the "on-going high-risk conduct in the instant case," and the dangerous and violent nature of his recent prior strikes.

In light of the court's extensive explanation of its reasons for declining to strike defendant's prior strike convictions, we do not find the decision to be arbitrary or irrational. The record clearly shows that the court was aware of its discretion and the applicable factors a court must consider in dismissing a prior strike, and that it appropriately applied the factors. Thus, we cannot say that the court abused its discretion when it declined to dismiss any of defendant's prior strike convictions.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

KING

J.