Filed 10/14/21 P. v. Harrell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076604 |
| v. | (Super.Ct.No. FVA015324) |
| RONNIE KEITH HARRELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Gregory S. Tavill, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Ronnie Keith Harrell appeals the denial of a petition seeking recall of his sentence pursuant to Penal Code[1] section 1170.91. Relying on *People v. King* (2020) 52 Cal.App.5th 783 (*King*), the trial court concluded that section 1170.91 did not apply to plea agreements with a stipulated prison term and denied the petition. Defendant argues that *King* was wrongly decided and thus he is eligible for resentencing pursuant to section 1170.91. We disagree and affirm.

I

PROCEDURAL BACKGROUND

In June 2002, defendant pleaded guilty to home invasion robbery (§ 212.5) with the personal use of a firearm (§ 12022.53, subd. (b)), and admitted to having suffered a prior strike conviction (§§ 667, subd. (b)(1) & 1170.12, subds. (a)-(d)). In return, under the terms of the plea agreement, defendant was sentenced to a stipulated aggregate term of 28 years in state prison, and the remaining charges and enhancement allegations were dismissed. The plea agreement also included a *Vargas*[2] waiver. According to the *Vargas* waiver, if defendant did not violate any laws and appeared for resentencing on August 30, 2002, he would be resentenced to 16 years in prison. If, however, he failed to meet the conditions of the *Vargas* waiver, his 28-year sentence would remain.

Defendant failed to appear for resentencing. He was subsequently convicted of federal drug-related offenses in Hawaii and incarcerated in federal prison for 150 months.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] *People v. Vargas* (1990) 223 Cal.App.3d 1107 (*Vargas*).

On June 5, 2015, after completing his federal sentence and returning to California, the trial court found defendant in violation of his *Vargas* waiver agreement and executed the 28-year prison sentence.

On April 5, 2016, this court affirmed defendant's judgment from his direct appeal, case No. E063802. (See *People v. Harrell* (Apr. 5, 2016, E063802) [nonpub. opn.].)

In July 2020, defendant filed a petition for resentencing under section 1170.91, which authorizes defendants to seek resentencing to allow the superior court to consider military-related trauma or mental health problems as a factor in mitigation. Defendant attached numerous exhibits in support of his petition. The People filed opposition to the petition, arguing defendant was ineligible because he had entered into a negotiated plea.

On February 18, 2021, relying on *King*, *supra*, 52 Cal.App.5th 783, which held that defendants who stipulated to a sentence could not obtain relief under section 1170.91, the trial court denied defendant's petition. (*King*, at p. 793.) Defendant appealed.

II

DISCUSSION

Defendant contends *King* was wrongly decided, and he is eligible for resentencing under section 1170.91. He thus believes the order denying his petition should be reversed and the matter remanded for resentencing.

Section 1170.91, enacted in 2014, allows a court imposing a determinate felony sentence to consider the fact that the defendant "is, or was, a member of the United States

3

military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service . . . as a factor in mitigation . . . ." (§ 1170.91, subd. (a); see former § 1170.91, Stats. 2014, ch. 163, § 2.)

In 2018, section 1170.91 was amended to permit retrospective relief from a final judgment. Thus, it also provides, as relevant here: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b)(1).)

"Upon receiving a petition . . . , the court shall determine, at a public hearing . . . , whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91,

4

subd. (b)(3).)  Although the statute provides an avenue for qualifying defendants to seek relief, it also provides that it "does not diminish or abrogate the finality of judgments in any case not falling within the purview of this subdivision."  (§ 1170.91, subd. (b)(8).)

In *King*, *supra*, 52 Cal.App.5th 783, Division One of this court considered whether a defendant who entered into a plea agreement for a stipulated term could be resentenced under section 1170.91, subdivision (b).  (*King*, at pp. 790-794.)  Although section 1170.91. subdivision (b)(1), states that a resentencing hearing is available to a defendant serving a sentence for a felony conviction, "whether by trial or plea," *King* concluded that the stipulated prison term in King's plea agreement rendered him "plainly ineligible" for resentencing under the statute, reasoning that even if the trial court recalled the defendant's sentence, it still would be required to impose the stipulated term.  (*Id*. at pp. 786, 788, 791.)

The *King* court relied in part on the statutory language to reach its conclusion, explaining:  "A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' (§ 1170.91, subd. (b)(1).)  Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems '*when imposing a term under subdivision* (*b*) *of Section 1170*.'  (§ 1170.91, subd. (a), italics added.)  A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation.  However, when a trial court sentences a defendant who

5

has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation.  Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.'  (§ 1170.91, subd. (a).)  As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation."  (*King*, *supra*, 52 Cal.App.5th at p. 791; accord, *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1106-1109 (*Brooks*).)

Like the petitioner in *King*, defendant entered into a plea agreement with a stipulated sentence.  Section 1170.91 only applies where the trial court weighs factors in aggravation and mitigation to select from a sentencing triad, not where it imposes a stipulated sentence.  (*King*, *supra*, 52 Cal.App.5th at p. 791; *Brooks*, *supra*, 58 Cal.App.5th at p. 1107 ["[A]ny exercise of discretion reducing [a petitioner's] sentence would necessarily modify the terms of his plea agreement while otherwise leaving the plea agreement intact.  Nothing in the statute suggests an intent to overturn, sub silentio, long-standing plea-bargaining law binding courts to the agreements they approve."]; see Cal. Rules of Court, rule 4.412 [court need not state reasons for stipulated sentence].)  Applying *King*, the trial court here found that because defendant agreed to a stipulated sentence, defendant was ineligible for resentencing under the statute, irrespective of whether he met the statutory criteria under section 1170.91, subdivision (b)(1).  (See

6

*Brooks*, *supra*, 58 Cal.App.5th at p. 1106 [trial court precluded from any judicial exercise of section 1170.91 resentencing discretion where plea agreement rests on a stipulated sentence].)  We agree with this conclusion.

Relying on Justice Pollak's dissent in *Brooks*, *supra*, 58 Cal.App.5th at pages 1110-1112, defendant argues that *King* was wrongly decided.  In Justice Pollak's view, a recall of sentence for a petitioner who received a stipulated term would not be an idle act because "although the trial court may not modify the plea agreement by unilaterally altering its terms, the court does retain the authority to withdraw its approval of the plea agreement."  (*Brooks*, *supra*, 58 Cal.App.5th at pp. 1111-1112 (dis. opn. of Pollak, P.J.).)

We find Justice Pollak's reasoning unpersuasive and decline to follow it.  As the majority explained, " '[w] here the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . *the court may not proceed as to the plea other than as specified in the plea*.'  (§ 1192.5, italics added.)"  (*Brooks*, *supra*, 58 Cal.App.5th at p. 1106.)  "[S]ection 1170.91 grants the sentencing court no general authority to 'reconsider the matter.'  Section 1170.91, in plain terms, specifies criteria that sentencing judges 'shall consider' when exercising triad discretion, a particular kind of sentencing discretion that the sentencing judge in this case never had any occasion to employ.  (§ 1170.91, subds. (a), (b).)."  (*Brooks*, at p. 1108.)

In footnote 2, the *Brooks* majority also explained:  "Underlying the analysis in the dissent is the assumption that a petitioner who is eligible for resentencing under

7

section 1170.91, subdivision (b), is in the same position as a defendant where the sentencing court elected to recall a sentence under section 1170, subdivision (d). (Dis. opn., *post*, at pp. 1111.) That assumption is incorrect. Section 1170, subdivision (d), applies only in narrow circumstances not present here: When the sentencing court, on its own motion, recalls the sentence within 120 days of the commitment, or 'at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced.' (§ 1170, subd. (d)(1).) Because none of those situations is involved when a defendant petitions for resentencing under section 1170.91, subdivision (b), the reference in section 1170, subdivision (d) to resentencing the defendant as if he had not previously been sentenced is irrelevant." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1108, fn. 2.)

Defendant also cites *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, in support of his position that he is not ineligible as a matter of law. However, although the defendant in that case did plead guilty pursuant to a plea agreement, the court did not address the issue of whether the authority granted by section 1170.91, subdivision (b), extends to sentences based on convictions by plea agreement specifying a stipulated term. The People simply conceded that the defendant met the statutory requirements for relief under section 1170.91, and that the trial court erred in summarily denying his petition without holding a hearing. (*People v. Bonilla-Bray*, at pp. 237-239.)

In sum, defendant has given us no valid reason to depart from the reasoning of *King*, *supra*, 52 Cal.App.5th 783. We thus conclude that the trial court properly denied his section 1170.91 petition.

## III

## DISPOSITION

The postjudgment order denying defendant's section 1170.91 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

FIELDS

J.