Filed 11/21/22 P. v. Chance CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095645 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17F5886, 19F1132, & 19F5154) |
| v. | |
| ALLEN GEORGE CHANCE, | |
| Defendant and Appellant. | |

Defendant Allen George Chance pleaded no contest to multiple felonies and misdemeanors in four unrelated cases. Defendant pleaded no contest in the first case and received probation. After defendant failed to comply with the terms of the plea jointly resolving the three remaining cases, the trial court sentenced him to the eight-year four-

1

month maximum term, including the four-year upper term for inflicting corporal injury. (Pen. Code, § 273.5, subd. (a).)[1]

On appeal, defendant contends the trial court could not impose the upper term for inflicting corporal injury given the sentencing requirements within Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567). We vacate defendant's sentence and remand for resentencing.

## BACKGROUND[2]

Over the course of several years, defendant abused, threatened, and harassed his ex-wife.

In case No. 886, defendant pleaded no contest to assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and in 2018 he received three years' probation. While defendant was on probation, the probation department filed three revocation of probation petitions which were based on defendant's failure to participate in rehabilitative programming and his commission of additional offenses. One of the offenses cited in the revocation petition, plus two additional offenses defendant committed while on probation, resulted in felony and misdemeanor charges in case Nos. 132, 154, and 20M2497 (497).

Two years later, defendant appeared for a violation of probation hearing. Defendant pleaded no contest to the felonies and misdemeanors in case Nos. 132, 154, and 497. Pursuant to his plea jointly resolving case Nos. 132, 154, and 497, defendant

---

[1] Undesignated statutory references are to the Penal Code.

[2] The parties stipulated that the preliminary hearing in case No. 17F5886 (886) and the police reports for case Nos. 19F1132 (132) and 19F5154 (154) provided the factual bases for defendant's pleas. As the substantive facts for each case are not relevant to our disposition, they are not recounted here in any detail.

entered a *Cruz/Vargas*[3] waiver and received probation. The court ordered defendant to return for sentencing on September 3, 2020. If defendant appeared as ordered, the court would impose a prison sentence with suspended execution while defendant remained on probation. If defendant did not appear, then the court could impose a prison sentence up to the maximum. Defendant also admitted a probation violation in case No. 886 when he committed the three offenses in case Nos. 132, 154, and 497.

Prior to defendant's September 3, 2020, sentencing, the probation department signed a fourth petition for revocation of probation following defendant's failure to attend orientation, failure to report weekly, and failures to enroll or provide proof of enrollment in rehabilitative programming.

Defendant did not appear for his September 3, 2020, sentencing. In October 2021, the trial court revoked probation in case No. 886. In November 2021, defendant appeared at a hearing, admitted he did not appear as ordered on September 3, 2020, and admitted he violated the *Cruz/Vargas* waiver.

At sentencing, the trial court found six applicable aggravating factors: (1) the crime involved great violence because the victim had been hurt tremendously; (2) defendant engaged and continues to engage in violent conduct; (3) defendant's adult convictions were numerous; (4) defendant served a prior prison term; (5) defendant was on probation when he entered his change of plea; and (6) defendant's performance on probation had been completely unsatisfactory. With respect to defendant's violence, the court noted defendant "scored an 8 on the ODARA," which meant defendant was likely to commit future violence. The trial court found no factors in mitigation.

In reaching the eight-year four-month maximum term, the trial court imposed the following sentence: In case No. 154, the court imposed a four-year upper term sentence

---

[3] *People v. Cruz* (1988) 44 Cal.3d 1247; *People v. Vargas* (1990) 223 Cal.App.3d 1107.

for inflicting corporal injury, an eight-month consecutive term for making criminal threats, and a one-year consecutive term for assault with force likely to cause great bodily injury. In case No. 132, the court imposed a one-year consecutive term for domestic violence, an eight-month consecutive term for second degree burglary, and six months in jail concurrent for misdemeanor violating a court order. In case No. 497, the court imposed a six-month concurrent term for misdemeanor violating a court order. Finally, in case No. 886, the court imposed a one-year consecutive term for assault with force likely to cause great bodily injury.

## DISCUSSION

Defendant contends the trial court could not impose the upper term on his conviction for inflicting corporal injury given the sentencing requirements imposed by Senate Bill 567. The People claim the trial court relied on four properly found aggravating circumstances and thus the court's consideration of additional aggravating circumstances was harmless. We conclude remand is necessary.

At the time of sentencing, former section 1170 authorized a sentencing triad, leaving the selection of the appropriate term to "the sound discretion of the court." (Former § 1170, subd. (b); Stats. 2020, ch. 29, § 14.) As relevant here, Senate Bill 567 amended sections 1170 and 1170.1 to limit the trial court's discretion to impose a sentence greater than the midterm. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) To impose a sentence beyond the midterm, the aggravating factors must justify doing so, and the facts underlying the circumstances must have been stipulated to by defendant or found true beyond a reasonable doubt, except that the trial court may rely on certified records of conviction to find a prior conviction proven. (§ 1170, subd. (b)(1)-(3), as amended by Stats. 2021, ch. 731, § 1.3.) The amended section 1170, effective January 1, 2022, applies retroactively as an ameliorative change in the law applicable to all nonfinal convictions. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109 (*Zabelle*).)

4

The trial court relied on six aggravating circumstances to impose the upper term. But defendant's aggravated sentence based on all six factors did not comply with amended section 1170. To comply with amended section 1170, the facts supporting these aggravating factors had to have been found true beyond a reasonable doubt, stipulated to by defendant, or proven by certified record. (§ 1170, subd. (b)(2), (3).) The trial court properly relied on the following three aggravating factors because defendant stipulated to the facts supporting them: (1) defendant's violation of probation; (2) poor performance on probation; and (3) numerous prior convictions. The trial court therefore "*could* have imposed the upper term sentence" (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112) consistent with the Sixth Amendment's jury-trial guarantee under the standard set forth in *People v. Sandoval* (2007) 41 Cal.4th 825. Having satisfied the Sixth Amendment concerns, we turn to the second step under *Zabelle*.

The second step under *Zabelle* requires us to assess whether the court "*would* have imposed the upper term sentence even absent the error" (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112) under the state law standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. First, we ask whether the facts underlying the aggravating circumstances would have been established in a statutorily permissible manner. (§ 1170, subd. (b)(2), (3); see *Watson*, at p. 836.) Then, excluding any factors that we conclude would not have been found true in a permissible manner, "we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error." (*Zabelle*, at p. 1112; *People v. Price* (1991) 1 Cal.4th 324, 492.) " 'A "reasonable probability" "does not mean more likely than not, but merely a reasonable chance, more than an abstract possibility." ' " (*People v. Soto* (2022) 79 Cal.App.5th 602, 610.)

We conclude two aggravating factors considered by the trial court were not found in a statutorily permissible manner: (1) the crime involved great violence; and

5

(2) defendant engaged and continues to engage in violent conduct.[4] That leaves a final aggravating factor: defendant's prior prison term. Defendant's prior prison term was not established by certified records and he did not admit to serving a prior prison term. Although there may be records available to support findings regarding defendant's prior incarceration, "we will not presume the existence of extrarecord materials." (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1115, fn. 6.) Therefore, on this record, we cannot conclude there is a reasonable probability the jury would have found defendant's prior prison term true beyond a reasonable doubt.

We turn to the second question. In selecting the upper term, the trial court relied on three factors in aggravation that were found in a statutorily permissible manner: defendant's violation of probation, defendant's poor performance on probation, and defendant's numerous prior convictions. But we cannot conclude the trial court would have imposed the upper term based solely on these three permissible factors. The trial court did not give any emphasis to defendant's violation of probation, poor performance on probation, or prior convictions. Instead, the trial court gave particular weight to defendant's violence. Despite finding no factors in mitigation, we cannot conclude the trial court would have imposed the upper term had it known it could not rely on three of the six aggravating factors it applied. In this instance, the proper remedy is to remand for resentencing. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

---

[4] We note the People did not rely on these two aggravating factors in its brief, possibly because the factors did not comply with amended section 1170.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  In all other respects, the judgment is affirmed.


/s/
HOCH, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
EARL, J.