Filed 6/9/25  P. v. Kelley CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064660 |
| v. | (Super. Ct. No. FSB1301928) |
| LUCKY STEVEN KELLEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Michael A. Smith, Judge (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.). Affirmed in part, reversed in part, and remanded with directions.

Cindi B. Mishkin and Ariana D'Agostino, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

\*     \*     \*

In 2014, Lucky Steven Kelley pleaded guilty to a felony charge of robbery (Pen. Code, § 211)[1] and admitted a prior strike (§ 667, subd. (b)–(i)), a prison prior (§ 667.5, subd. (b)), and a serious felony prior (§ 667, subd. (a)(1)). The serious felony prior was based on a juvenile adjudication. After Kelley failed to appear for sentencing, the trial court sentenced him to 16 years in state prison.

In 2023, Kelley applied for resentencing pursuant to section 1172.75. The trial court dismissed the prison prior but declined Kelley's request to dismiss the serious felony prior or prior strike.

On appeal, Kelley contends: (1) the court erred in failing to dismiss his serious felony prior because it was impermissibly based on a juvenile adjudication; (2) the court erred in declining to dismiss his prior strike under section 1172.75; and (3) the court failed to recalculate his custody credits at resentencing.

The Attorney General concedes it was improper to base the enhancement for the serious felony prior on Kelley's juvenile adjudication and his custody credits must be recalculated. We agree and reverse and remand to the trial court with directions to strike Kelley's serious felony prior

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

and recalculate his custody credits. We conclude the court did not abuse its discretion in declining to dismiss Kelley's prior strike.

## FACTS

In 2013, Kelley entered a liquor store in San Bernardino with a plastic gun and followed an employee behind the counter. After telling the employee to lie on the ground, Kelley began to take money from the cash register and employee's pockets. When the employee attempted to stand, Kelley hit him on the forehead with a bottle of liquor, causing him to fall to the ground. Kelley took $400 and fled.

In 2014, Kelley pleaded guilty to robbery as part of a negotiated plea agreement. Kelley also admitted a prior strike (§ 667, subd. (b)–(i)), a prison prior (§ 667.5, subd. (b)), and a serious felony prior (§ 667, subd. (a)(1)). The trial court sentenced Kelley to a total term of 16 years but suspended the sentence pursuant to a waiver under *People v. Vargas* (1990) 223 Cal.App.3d 1107, which required he return to court in two weeks. If Kelley complied with the terms of the *Vargas* waiver, he would be resentenced to a total term of three years on the robbery count and the other allegations would be dismissed.

Kelley failed to appear on the agreed upon date. When Kelley returned to court five months later, he admitted he violated the *Vargas* waiver. The court sentenced Kelley to 16 years in state prison.

In February 2024, the trial court struck Kelley's prison prior (§ 667.5, subd. (b)), pursuant to section 1172.75. After holding a resentencing hearing in August 2024, the court denied Kelley's request to dismiss his serious felony prior (§ 667, subd. (a)(1)) and prior strike (§ 667.5, subd. (b)–(i)) on the grounds it would endanger public safety and was not in the interests of justice.

3

DISCUSSION

I.

PRIOR SERIOUS FELONY ENHANCEMENT

Kelley contends the five-year sentencing enhancement for a serious felony prior under section 667, subdivision (a), must be stricken because it was improperly based on his prior juvenile adjudication. The Attorney General concedes the error. We agree the juvenile adjudication was erroneously used as the basis for the sentencing enhancement. We therefore reverse and remand to the trial court to strike the prior serious felony enhancement.[2]

Section 667, subdivision (a)(1) provides, "[Any] person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

Welfare and Institutions Code section 203 limits the use of a juvenile adjudication: "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."

Because juvenile adjudications of criminal misconduct are not considered criminal convictions within the meaning of section 667, they

---

[2] Because we find the prior serious felony enhancement was improperly imposed based on Kelley's juvenile adjudication, we decline to address his other arguments why the enhancement should be dismissed.

4

cannot be used to impose a five-year enhancement. (*People v. West* (1984) 154 Cal.App.3d 100, 110; *People v. Smith* (2003) 110 Cal.App.4th 1072, 1080, fn. 10 [citing *West* for the proposition that "juvenile adjudications cannot be considered . . . a prior serious felony conviction for purposes of the mandatory five-year enhancement in section 667, subdivision (a)"].)

Accordingly, we reverse and remand to the trial court to dismiss the five-year enhancement imposed pursuant to section 667, subdivision (a).

## II.

### PRIOR STRIKE

Kelley argues the trial court erred in denying his request to strike his prior strike.[3] He further contends the court failed to properly evaluate aggravating and mitigating factors and incorrectly determined Kelley was a public safety risk. We conclude the court did not abuse its discretion in declining to dismiss Kelley's prior strike.

*A. Relevant Factual Background*

At the resentencing hearing, Kelley argued his sentence should be recalled based on an analysis of his risk to public safety, prison disciplinary record, post-conviction factors, and childhood trauma. He further contended the trial court was required to determine whether he currently presented a public safety risk. The court denied Kelley's request for any further reduction in sentence:

---

[3] The Attorney General argues Kelley is not entitled to have his prior strike dismissed under section 1385, subdivision (a) because the statute applies to enhancements, not prior strikes. Kelley's opening and reply briefs make clear he is not arguing for dismissal of his prior strike pursuant to section 1385. Rather, he seeks relief pursuant to section 1172.75.

"The 667.5(b) prior is stricken. The [one-year] enhancement for that 667.5(b) prior is also stricken. I really don't see any reason for [sic] basis to further reduce the sentencing. The defendant had the opportunity to get a three-year sentence. All he had to do was return to court. He didn't return to court. [¶]At the time he pled, he agreed to and stipulated to the aggravated term admitting the strike and prior. This was a robbery of a liquor store in which the clerk of the liquor store was hit over the head with a bottle. It does appear the defendant has a significant prior criminal history. [¶] So in the Court's view, striking the [five-year] prior or striking the strike would endanger public safety and therefore not be in the furtherance of justice."

## B. Legal Standard

Effective January 1, 2022, the Legislature invalidated certain prior prison term enhancements. (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3 (Senate Bill No. 483).) Section 1172.75, subdivision (c) requires a trial court to recall a defendant's sentence "[i]f the court determines that the current judgment includes" an invalid prison prior.

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

"The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued

6

incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Additionally, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

## C. Standard of Review

Section 1172.75, subdivision (d) "vests the superior court with broad discretion based on an inherently factual inquiry." (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857.) "[W]e review for an abuse of discretion a superior court's decision under section 1172.75, subdivision (d)(1), that reduction of a defendant's sentence would endanger public safety." (*Id.* at p. 856.) "'"[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'" (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

## D. Analysis

Kelley has not met his burden to demonstrate the trial court's sentencing decision was irrational or arbitrary. In declining to dismiss Kelley's prior strike, the court noted the seriousness and violence of the charged robbery, which included assaulting a store employee with a glass bottle, the maximum potential sentence of 16 years, his serious prior criminal history, and his failure to return to court for sentencing. Each of these findings constitute an aggravating circumstance under California Rules of Court, rule 4.421, which the court was required to consider pursuant to section 1172.75, subdivision (d)(2). On these facts, we cannot say the court

7

abused its discretion in weighing the evidence relevant to Kelley's risk of future violence.

Kelley also argues the trial court erred in failing to consider his childhood trauma, head injury, and lack of serious prison disciplinary history when assessing whether he presented a risk of future violence. Although a court may consider such factors when assessing future dangerousness under section 1172.75, such an inquiry is not mandatory. (§ 1172.75, subd. (d)(3) ["The court *may* consider postconviction factors"] (italics added.).) Accordingly, we conclude the court did not abuse its discretion in declining to assess these discretionary factors or in refusing to dismiss Kelley's prior strike.

## III.

### RECALCULATION OF CUSTODY CREDITS

Kelly argues, and the Attorney General concedes, the trial court failed to properly recalculate his actual custody credits at the time of resentencing. We agree and remand to the court to recalculate Kelley's actual credits.

When Kelley was sentenced on July 7, 2014, he was given credit for 461 days of presentence custody. When the trial court struck Kelley's prior prison term on August 2, 2024, it imposed a 15 year sentence "with the credits that were previously imposed at the time of his original sentencing on July 7th of 2014." The trial court then directed the Department of Corrections and Rehabilitation to compute the additional credits Kelley had earned since his plea. However, the subsequent minute orders and amended abstract of judgment are silent on the calculation of Kelley's actual custody credits.

When a defendant is convicted and later resentenced, "the sentencing court must recalculate and credit against the modified sentence

8

*all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) Thus, the trial court, having modified Kelley's sentence when it struck the prior prison term enhancement, should have updated the actual days he had spent in custody, and awarded such credits in the new abstract of judgment. Because the trial court failed to do so, it must now prepare an amended abstract of judgment which accurately reflects Kelley's actual custody credit.

## DISPOSITION

We reverse the sentence and remand to the trial court with directions to strike the serious felony prior and recalculate Kelley's custody credits. Following resentencing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

9