Filed 2/22/24  P. v. Chance CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098634 |
| v. | (Super. Ct. Nos. 17F5886, 19F1132, 19F5154) |
| ALLEN GEORGE CHANCE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Allen George Chance asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.  But based on our review of the record, we will direct the trial court to correct the amended abstract of judgment to reflect the orally imposed presentence credit.

I

Some of the background is taken from this court's prior decision in *People v. Chance* (Nov. 21, 2022, C095645) [nonpub. opn.] (*Chance*).

1

In case No. 17F5886 (case No. 886), defendant pleaded no contest to assault with force likely to produce bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  The trial court placed him on probation and imposed various fines and fees.  In the ensuing years, the probation department filed three petitions to revoke defendant's probation.  (*Chance, supra*, C095645.)

In 2019, the People filed a complaint against defendant in case No. 19F1132 (case No. 132) and another complaint in case No. 19F5154 (case No. 154).  In case No. 132, defendant pleaded no contest to infliction of corporal injury on a spouse (§ 273.5, subd. (a)), burglary (§ 459), and violation of a protective order (§ 273.6, subd. (b)).  In case No. 154, defendant pleaded no contest to infliction of corporal injury on a spouse (§ 273.5, subd. (a)), criminal threats (§ 422), and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)).  The plea agreement provided that in exchange for his admission that he violated parole in case No. 886, along with his no contest pleas in case Nos. 132 and 154 and a separate misdemeanor case (case No. 20M2497), the trial court would again place him on probation and impose a sentence of eight years four months, the execution of which would be suspended.

Consistent with defendant's *Cruz/Vargas*[2] waiver, the trial court ordered defendant to appear for sentencing on September 3, 2020, and informed him that it could impose the maximum prison sentence of eight years four months if he failed to appear for sentencing.  On September 3, 2020, appellant failed to appear.  (*Chance, supra*, C095645.)

At a subsequent sentencing hearing, the trial court found various aggravating circumstances applicable, although defendant had only stipulated to three of them:

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Cruz* (1988) 44 Cal.3d 1247; *People v. Vargas* (1990) 223 Cal.App.3d 1107.

that his adult convictions were numerous, that he was on probation when he entered his change of plea, and that his performance on probation had been unsatisfactory. (*Chance, supra*, C095645.) In case No. 154, the trial court sentenced defendant to the upper term of four years for infliction of corporal injury on a spouse, a consecutive eight months (one-third the middle term) for making criminal threats, and a consecutive year (one-third the middle term) for assault with force likely to cause great bodily injury. In case No. 132, the trial court sentenced defendant to a consecutive year (one-third the middle term) for infliction of corporal injury on a spouse, a consecutive eight months (one-third the middle term) for second degree burglary, and a concurrent six months for violating a court order. In case No. 20M2497, the trial court sentenced defendant to a concurrent six months for violating a court order. And in case No. 886, the trial court sentenced defendant to a consecutive year (one-third the middle term) for assault with force likely to cause great bodily injury. It imposed various fines, fees, and assessments.

This court vacated defendant's sentence and remanded for resentencing because in imposing the upper term sentence, the trial court had relied on three aggravating factors that had not been admitted by defendant or proved as required under section 1170. (*Chance, supra*, C095645.)

On remand, the trial court limited its consideration to the three aggravating factors to which defendant had stipulated, and found that the upper term was appropriate. It imposed the same eight year four month sentence as before. The trial court subsequently awarded 1,516 days of presentence credit (758 actual days and 758 conduct days), but the amended abstract of judgment does not reflect that award.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel

3

of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, based on our review of the record, we have determined that the amended abstract of judgment must be corrected. The trial court awarded 1,516 days of presentence credit (758 actual days and 758 conduct days), but the amended abstract of judgment does not reflect that award. We will direct the trial court to correct the amended abstract of judgment.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected amended abstract of judgment reflecting the orally awarded 1,516 days of presentence credit (758 actual days and 758 conduct days). The trial court shall forward a certified copy of the corrected amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                         /S/
                                 MAURO, J.

We concur:

  /S/
HULL, Acting P. J.

  /S/
RENNER, J.

4