Filed 5/13/25  P. v. Jenkins CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DANNY PAUL JENKINS, JR., Defendant and Appellant. | F088068 (Super. Ct. No. CR-22-013512) OPINION |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Peña, Acting P. J., Smith, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant, Danny Paul Jenkins, Jr., contends on appeal that his sentence must be vacated and the matter remanded for further proceedings, including resentencing, because the terms of his plea agreement were violated when the trial court imposed the upper term on count 1 without the prosecution first presenting circumstances in aggravation to the court. The People agree. We vacate defendant's sentence on count 1 and remand for resentencing in conformity with the plea agreement. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On December 20, 2022, the Stanislaus County District Attorney filed a complaint charging defendant with second degree burglary (Pen. Code, § 459; count 1)[1] and misdemeanor shoplifting (§ 459.5, subd. (a); count 2). The information further alleged defendant suffered three prior strike convictions (§§ 667, subd. (d); 1192.7, subd. (c)).

On December 27, 2022, defendant entered into a plea agreement with a *Cruz*[2] waiver. Defendant pled no contest to count 1, and admitted one of the prior strike allegations, with the remaining count and allegations dismissed in connection with the plea. Pursuant to the *Cruz* waiver, defendant was released on his own recognizance pending the sentencing hearing. The plea agreement with the *Cruz* waiver provided that if he appeared at the subsequent sentencing hearing and did not commit any new law violations, he would be sentenced to the low term (doubled pursuant to the prior strike) of two years eight months. However, it provided that if defendant failed to appear at sentencing or committed a new law violation, the prosecution would present circumstances in aggravation and defendant would be sentenced to an upper term (doubled pursuant to the prior strike) for a total of six years.

On September 29, 2023, defendant failed to appear at the sentencing hearing.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

On May 9, 2024, the trial court sentenced defendant on count 1 to six years (the upper term, doubled pursuant to the prior strike).

On May 17, 2024, defendant timely filed a notice of appeal.

## DISCUSSION[3]

Defendant contends the terms of his plea agreement were violated when the trial court imposed the upper term on count 1 because the upper term was imposed without the prosecution first presenting circumstances in aggravation, as contemplated by the plea agreement. The People agree, as do we.

### A.    Background

At the change of plea hearing, the trial court stated the terms of the plea agreement for the record:

> "And [defendant], it's my understanding you want to resolve your case today by entering a plea to [c]ount 1, the felony second degree burglary charge, and admitting one of the [section] 667[, subdivision] (d) strike priors with the understanding that the second and third strike prior would be stricken today and [c]ount 2 would be dismissed; and as well as—that's it for you. And that would be with the understanding that you wouldn't be sentenced today, and instead of being sentenced, you will be released on your [own recognizance]. And you will come back for sentencing on—it should be on a Friday, not a middle of the week of a trial week."

The trial court further stated:

> "So sentencing will be put over to March 3, and if you come back like you're supposed to and don't pick up any new law violation, then you'll be sentenced to the mitigated term of 16 months on [c]ount 1. It will be doubled for the [section] 667[, subdivision] (d) prior for a total of 32 months.

> "If you don't come back like you're supposed to, or if you were to pick up some new law violation, then the understanding is the People would present circumstances in aggravation at the time of sentencing and you would be sentenced to state prison for the aggravated term of

---

[3]    We omit the underlying facts, as they are irrelevant to defendant's appeal.

3.

three years which would be doubled for the [section 667, subdivision] (d) prior for a total of six years [in] state prison.

"Is that what you want to do to resolve your case today?"

Defendant responded, "Yeah," and entered his plea.

Defendant then failed to appear at sentencing on September 29, 2023. At the sentencing hearing, the trial court stated:

"The case is on for sentencing. [Defendant] entered his plea back [o]n December 27, 2022, before [another judge]. A *Cruz* waiver has been entered, continued a number of times, until finally [defendant] didn't appear. [The prior judge] is no longer available to preside over this case …."

The following exchange then occurred between the trial court and counsel:

"[PROSECUTION]: Your Honor, I don't know if we addressed—there was a *Cruz* waiver in this case.

"THE COURT: I know.

"[PROSECUTION]: Okay.

"THE COURT: [Defendant is] going to get six years, which—

"[DEFENSE COUNSEL]: Actually, that might be an issue. Because I don't think [defendant] ever admitted to any aggravating factors in this case.

"THE COURT: Well, I—that plea was entered in 202[2]. I don't know whether [defendant] admitted the aggravating factors or not, but by agreeing to the *Cruz* waiver, I think it's implied that he's in agreement to this disposition.

"[DEFENSE COUNSEL]: Our position is unless there's an agreement or finding as to the aggravating factor that he cannot be sentenced to the upper term. But that's our position, Your Honor.

"THE COURT: I understand that, [defense counsel], but I'm—[prosecution], what is your position[?]

"[PROSECUTION]: I'm just checking one thing real quick. [¶] … [¶]

"[PROSECUTION]: I would just note that the aggravating factor is the defendant has served a prior prison term. I'll submit that.

"THE COURT: There could be aggravating factors that exist. I don't know whether—I don't know the transcript of the plea. I do not know whether or not there was an agreed-upon aggravating factor. I do know there was an agreement and a *Cruz* waiver entered that this defendant would be sentenced to this amount of time if he did not abide by the terms of the *Cruz* waiver. I'm not going to disrupt that. If there's an issue on appeal, there's an issue on appeal.

"[DEFENSE COUNSEL]: We're just stating for the record the position.

"THE COURT: And your objection is noted."

Defense counsel then stated,

"I wasn't the attorney who conducted this plea. But absent specific evidence that he either admitted to the aggravating factors or a jury found him—that the aggravating factors were true, I don't think the Court has the authority to sentence him to the upper term.…"

The trial court then sentenced defendant on count 1 to six years, the upper term, doubled pursuant to the prior strike conviction, "[p]ursuant to the terms of the plea agreement."

### B.     Law

" '[A] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles.' " (*People v. Vargas* (2007) 148 Cal.App.4th 644, 647.) The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties as it existed at the time of contracting. (Civ. Code, § 1636.) The language of a contract is used to govern its interpretation if the language is clear and explicit. (Civ. Code, § 1638.) However, " ' " '[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisor understood it.' [Citations.]" [Citation.] "The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement,

as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties." ' " (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 502–503.) Accordingly, a judgment contrary to the terms of the plea bargain may not be imposed absent an opportunity to withdraw the plea, and when a defendant otherwise succeeds in attacking it, counts dismissed pursuant to a plea bargain may be restored. (*People v. Collins* (1978) 21 Cal.3d 208, 214–216; *People v. Stamps* (2020) 9 Cal.5th 685, 705–709.)

### C.     Analysis

Here, at the time defendant entered his plea, the trial court stated that under the terms of the plea agreement, if defendant did not "come back like [he was] supposed to, or if [he] were to pick up some new law violation, then the understanding [was] the People would present circumstances in aggravation at the time of sentencing and [defendant] would be sentenced to state prison for the aggravated term of three years which would be doubled for the [section 667, subdivision] (d) prior for a total of six years in state prison." Accordingly, under the terms of the plea agreement, defendant agreed to a *Cruz* waiver,[4] but included the caveat that in the event he failed to appear or violated the law in another way, the prosecution would "present circumstances in aggravation at the time of sentencing and [defendant] would be sentenced to state prison for the aggravated term …."

---

[4]     A *Cruz* waiver permits a defendant to enter a limited waiver of section 1192.5 with the agreement of both parties to the plea, and agree to a sentence in excess of the term that was bargained for if he or she willfully fails to appear for sentencing or violated other agreed-upon conditions. (*People v. Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5.) A defendant may expressly agree to a greater sentence as a sanction for engaging in certain behavior as long as his waiver is contained in the plea bargain itself. (*People v. Masloski* (2001) 25 Cal.4th 1212, 1221–1222; *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1113.)

Accordingly, the plea agreement contemplated that the prosecution would present circumstances in aggravation before the trial court imposed an upper term sentence on count 1. Thus, pursuant to the plea agreement, the court was required to permit the prosecution to present circumstances in aggravation *before* it imposed the upper term sentence on count 1. Further, section 1170, subdivision (b)(2), as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), was in effect at the time defendant was sentenced, which states, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039.)

Further, while the prosecution noted at sentencing "that the aggravating factor is [defendant] has served a prior prison term," it is unclear what records the prosecution was relying on to establish that factor. The trial court stated it was not making any findings on aggravating factors and sentenced defendant solely on the "agreement" and the *Cruz* waiver that had been entered. Consequently, we agree with the parties that the upper term sentence on count 1 must be vacated and the matter remanded for a new sentencing hearing at which the prosecution can present circumstances in aggravation in accordance with the plea agreement and defendant can thereafter be sentenced.

## **DISPOSITION**

We vacate the sentence on count 1 and remand the matter for resentencing in conformity with the plea agreement. In all other respects, the judgment is affirmed.